In the Matter of the Application of MICHAEL GOLDBERG to Fix, Determine and Enforce an Attorney's Lien.

Supreme Court, Special Term, Queens County, September 17, 1937.

*Michael Goldberg,* for the petitioner.

*Emanual Rosenstein,* for the respondent National Surety Corporation.

HOOLEY, J.   Petitioner was retained by one Goodis to institute a summary proceeding to recover possession of real property leased by her to Gus Conti and others under a twenty-one-year lease. Petitioner instituted the proceeding and obtained a final order in favor of the landlord.   The tenants appealed.   On the appeal there was an affirmance of the final order.   By reason of these services petitioner became entitled to recover $500 from his client, Goodis, pursuant to two written retainers.   Fifty dollars of this amount has been paid, leaving $450 unpaid.

Pending the appeal, the tenant secured an order staying execution of the warrant, and filed a bond of the National Surety Corporation in the amount of $300, conditioned for the payment of all damages and costs sustained by the landlord because of the stay.   After the affirmance the landlord made claim on the bond.   Payment was refused, and the landlord commenced an action in the Municipal Court.   Petitioner joined as coplaintiff because of his attorney's lien.   An order was made striking out the petitioner as a party plaintiff on the ground that the Municipal Court did not have jurisdiction to enforce an attorney's lien.   Goodis remains the sole plaintiff in the Municipal Court.   Her suit on the bond faces an offset by reason of an assigned judgment held by the surety company.

There is no question involved here between the attorney and his client.   The real question in the case is as to whether or not the attorney's lien attached to the appeal bond.   If no appeal bond had been given it would appear that the attorney by his services had produced the premises and their rents and profits for the benefit of his client, the owner, and that the attorney's lien would have attached thereto.   Because the tenant desired to continue in the enjoyment of the premises pending the appeal, the surety bond was given and the same became substituted for the rents and profits of the premises during the occupation of the premises by the tenant. The bond in question came into being by reason of the efforts of the attorney in the summary proceeding.

This case is somewhat similar to the case of *Rabenstein* v. *Morehouse* (128 Misc. 385), where it was held that an appeal bond redounded to the benefit of any one interested in the collection of the judgment which the plaintiff had obtained for his client, and it was held in that case that an attorney might sue directly upon the bond and satisfy his attorney's lien therefrom.

The assigned judgment set up as an offset to the suit by the plaintiff in the Municipal Court amounts to $200. Defendant contends that there is nothing to prevent an obligor on a bond from buying up sufficient judgments in a case such as this and offset entirely the recovery of any tenant on the bond; thus all of the work done by the attorney in legal proceedings which resulted in the giving of the bond could be made of little value. This should not be permitted.

The court is of the opinion that the attorney's lien in this case attached to the bond. The lien is fixed at the sum of $450. Such lien is declared to be a prior charge against any recovery obtained by the client in her suit on the bond. The National Surety Corporation is restrained from prosecuting the offset in the Municipal Court and is directed to pay any judgment obtained by the landlord on the bond without deduction by reason of such offset.