STATE OF INDIANA, EX REL. CITY OF HAMMOND v. FOLAND, AUDITOR.

[No. 23,718. Filed November 15, 1921.]

1. MUNICIPAL CORPORATIONS.—*Cities of Third Class.*—*Tax Duplicates.*—*Duty of County Auditor.*—A county auditor is not required to make out and deliver to the treasurer of a third class city, not a county seat, the tax duplicate for such city: p. 348.

2. MANDAMUS.—*Right to Writ.*—*Statutes.*—Under §1225 Burns 1914, Acts 1911 p. 541, a writ of mandate will be issued only in cases where the facts show a clear legal right on the part of the relator to the relief demanded, and a clear legal duty resting on defendants to do and perform the thing demanded. p. 349.

3. MANDAMUS.—*Right to Writ.*—*Absence of Other Adequate Remedy.*—*Statutes.*—Under §1225 Burns 1914, Acts 1911 p. 541, mandamus does not lie to establish a right or to define and impose a duty, and is available only in the absence of another adequate remedy. p. 349.

4. MANDAMUS.—*Complaint.*—*Sufficiency.*—*Right to Specific Re-*

*lief Sought.—Statutes.—*In an action for a writ of mandate under §1225 Burns 1914, Acts 1911 p. 541, the question raised by the demurrer to the complaint is not whether the relator, under the facts alleged, is entitled to some form of relief, but whether he is entitled to the specific relief prayed for. p. 350.

From Lake Circuit Court; *C. M. Greenlee,* Special Judge.

Action by the State of Indiana, on the relation of the city of Hammond, against George M. Foland, auditor of Lake county. From a judgment for defendant, the relator appeals. *Affirmed.*

*William G. Whinery,* for appellant.

*Fred C. Crumpacker, Edwin H. Friedrich* and *Charles P. Crumpacker,* for appellee.

WILLOUGHBY, J.—This was an action for mandate brought against the appellee, as auditor of Lake county, Indiana, to compel him to prepare and deliver to the relator, the city of Hammond, a tax duplicate for the city of Hammond, and to place upon said tax duplicate all property within the corporate boundaries of said territory as set out in relator's complaint, whether such territory be platted or unplatted territory, and to turn over and deliver to the treasurer of said city of Hammond, said tax duplicate for said city of Hammond.

The complaint was in two paragraphs and in each paragraph it is alleged that the relator, the city of Hammond, is a city of the third class under the laws of the State of Indiana, and is in Lake county, Indiana, but not the county seat of said Lake county and that the relator, long before the beginning of this suit, by its common council, duly authorized its city treasurer to receive and collect all taxes shown upon the tax duplicate of such city, for city purposes, the same as county treasurers collect such taxes for other cities. A demurrer was sustained to each paragraph. Appellant assigns this as error.

The appellant contends that under the statutes, §8643 Burns 1914, Acts 1909 p. 13; §§8817, 8824, 8826 Burns 1914, Acts 1905 p. 236; §8825 Burns 1914, Acts 1911 p. 154; §8827 Burns 1914, Acts 1911 p. 417, it was the duty of the auditor of Lake county to make out and deliver and turn over to the treasurer of the city of Hammond the tax duplicate for said city of Hammond.

Section 8817 Burns 1914, *supra*, provides that the city treasurer of each city shall be the head of the department of assessment and collection of taxes for such city, provided that in any city of the first, second or third class which is the county seat of the county in which such city is located, the county treasurer of such county shall be ex officio treasurer of such city and shall perform all the duties of this act required to be performed by the city treasurer.

Section 8643 Burns 1914, *supra*, divides the cities of this state into five classes; first, second, third, fourth, and fifth.

Section 8827 Burns 1914, *supra*, makes it the duty of the county treasurer to collect the taxes as shown on such duplicate and also provides that in all cities not county seats which have city treasurers, the common council of such city may authorize such city treasurer to receive and collect all taxes shown on the duplicate of such city for city purposes the same as county treasurers collect such taxes for other cities.

Section 8820 Burns 1914, Acts 1905 p. 236, provides how cities of the fourth class which are not county seats may collect taxes and it provides that the city officers of said city shall have access to the assessors books and tax duplicate in the county auditor's office for the purpose of transcribing therefrom a list of the property as the same has been equalized by the board of review; that the general laws for taxation governing the collection of taxes, penalty for delinquency, sale of property

returned as delinquent, penalty for redemption, so far as the same is applicable shall govern property in said city that is returned as delinquent.

The appellant asserts that under §8827 Burns 1914, *supra*, as amended by acts of 1919, Acts 1919 p. 782, as a resultant condition arising from the office of auditor of the county in which the city of Hammond is located, the duty devolves upon the county auditor to make out and deliver to the city treasurer of the city of Hammond the tax duplicate for such city, the same as he would be required to make out and deliver such duplicate to the county treasurer if the city of Hammond were a county seat or a city in which the county treasurer collected the taxes on behalf of such city. As sustaining this proposition appellant also cites §§8824, 8825, 8826, and 8827 Burns 1914, *supra*, and Acts 1919 p. 782.

Section 8824 Burns 1914, *supra*, provides, that the assessment and appraisement for taxation for state and county purposes of all real and personal property and polls subject to taxation within every city of this state as made pursuant to the provisions of the act of the general assembly of the State of Indiana, now or hereafter in force for the assessment of state and county taxes, as the same shall have been equalized by the county board of review and the state board of tax commissioners, including all additions made thereto by such boards or either of them, and all assessments and appraisements of omitted property made by the auditor, treasurer or assessor of the county in which such city is situated, shall be the basis upon which the common council of such city shall levy and assess the taxes for city purposes, which they respectively shall deem it necessary to levy, within the limitation hereinafter prescribed, and the taxes so levied shall become and continue liens upon the property upon which they are

levied at the time, in the manner and to the extent, that taxes levied for state, county and other purposes, become and continue liens upon such property by virtue of the provisions of the laws of taxation of this state.

Section 8825 Burns 1914, *supra,* provides that it shall be the duty of the auditor of the county in which any city is situated, in each year, to make out and deliver to the city clerk, in cities of the fifth class, and to the department of finance in cities of every other class, a certificate under the seal of the board of commissioners of such county showing the aggregate assessment and valuation for taxation for the year in which such certificate is made, of all taxables, real and personal, including railroad property in such city, and the number of taxable polls therein, as the same shall have been returned by the assessor of the township in which such city, or any part thereof, is situated, and as equalized by the county board of review and the state board of tax commissioners, and added to by the assessment of omitted property which certificate shall be so made and delivered by such auditor immediately after the assessment and valuation of such property and polls has been completed and returned to his office. This section then goes on to prescribe the duties of the department of finance or the city clerk in regard to this certificate.

Section 8826 Burns 1914, *supra,* provides that the levies of taxes made as provided in the last section shall be certified by the department of finance, or city clerk, as aforesaid, under seal, without delay, to the county auditor, and such auditor shall thereupon proceed to estimate, as he is now required to do in reference to state, county, township, road and other taxes, the amount of tax chargeable according to the rate prescribed by such levies, to each person who is listed for any taxable property or poll in such city upon the assessment and appraisement of property and polls therein

made for the year in which the tax is levied, and returned by the assessor of the township in which such city is located, and equalized by the county board of review and state board of tax commissioners and added to by assessment of omitted property. He shall enter the amount of tax, including delinquent tax, chargeable to each person against the name of such person, as it appears upon the tax duplicate of the county for such city for the current year, in proper columns, where the current and delinquent, state, county, township, road and other taxes with which such person is charged are entered. The aggregate of all taxes with which such person is chargeable, including state, county, township, road, city or other taxes shall be carried and set down opposite the name of such person in a column of totals and in the recapitulation of the duplicate now required by law to be made by the auditor, he shall set down the aggregate of all taxes contained in the duplicate for such city, and such duplicate shall thereupon be delivered to the county treasurer of the county as now provided by law.

Section 8827 Burns 1914, *supra,* is §202 of an act approved March 6, 1905, as amended by the act of March 4, 1911. The clause added to this section by the amendment made in 1911, Acts 1911 p. 417, is as follows: "In all cities of this state which are not county seats and which have city treasurers the common council of such city may authorize such city treasurers to receive and collect all taxes shown upon the duplicate of such city for city purposes the same as the county treasurers collect such taxes in other cities." The effect of this amendment was to extend the provisions of the act approved March 6, 1905, to all cities of this state which are not county seats and have city treasurers.

In the matter of duplicates and the collection of taxes the Tax Law of 1919 re-enacts the provisions of the

previous tax law. See §§205, 210 Acts 1919 p. 198 and §§10312, 10317 Burns 1914, Acts 1913 p. 628. The amendment of §8827 Burns 1914, *supra,* by the acts of 1919, Acts 1919 p. 782, includes only provisions relative to the compensation of the officers collecting the taxes.

We do not find anywhere in these statutes anything requiring the auditor of the county to make out and deliver to the treasurer of a city a tax duplicate of

1. the property of such city. The statutes enjoin the duty upon the auditor to make out a tax duplicate for the county according to the forms which shall be prescribed by the state board of accounts and shall cause such duplicate to be delivered to the treasurer of his county on or before the last day of December in each year. §§10312, 10317 Burns 1914, *supra,* also §§205, 210, Acts 1919 p. 198.

There is nothing in either paragraph of the complaint in this case which shows that the auditor has not complied with these provisions of the law. It is not alleged in either paragraph of the complaint that the auditor failed or refused to make out and deliver to the treasurer of the county a tax duplicate as required by law.

For aught that appears in either paragraph of the complaint in the instant case the appellee as county auditor of Lake county, may have made out a duplicate of all the property in the city of Hammond and delivered the same to the treasurer of his county as required by law.

Section 1225 Burns 1914, Acts 1911 p. 541, provides that the action of mandate may be prosecuted against any inferior tribunal, corporation, public or corporate office, or person to compel the performance of any act which the law specifically enjoins or any duty resulting from any office, trust or station.

A writ of mandate will be issued only in cases where

the facts show a clear legal right on the part of the relator to the relief demanded, and a clear legal
2. duty resting on the defendants to do and perform the thing demanded. *State, ex rel.* v. *Graham* (1915), 183 Ind. 53, 108 N. E. 111; *Owen County Council* v. *State, ex rel.* (1911), 175 Ind. 610, 95 N. E. 253; *State, ex rel.* v. *City of Indianapolis* (1919), 188 Ind. 685, 123 N. E. 405.

Mandamus does not lie to establish a right or to define and impose a duty and is available only in the absence of another adequate remedy. *State,*
3. *ex rel.* v. *Winterrowd* (1910), 174 Ind. 592, 91 N. E. 956, 92 N. E. 650, 30 L. R. A. (N. S.) 886.

The writ of mandamus was originally of a high prerogative character, and in no sense a writ of right. The writ is authorized in certain cases by statute in this state, as heretofore shown, but it has always been regarded as an extraordinary one, and, in a sense, discretionary. Relief by writ of mandamus may be had only in the absence of any other adequate remedy. The issuance of the writ is justifiable only in favor of a petitioner who shows a clear legal right to the thing demanded, and an imperative duty on the part of the respondent to do the act required. *State, ex rel.* v. *Winterrowd, supra; State, ex rel.* v. *Cummins* (1908), 171 Ind. 112, 85 N. E. 359, 36 L. R. A. (N. S.) 945n; *City of Auburn* v. *State, ex rel.* (1908), 170 Ind. 511, 83 N. E. 997, 84 N. E. 990; 19 Am. and Eng. Ency. of Law 725; 26 Cyc 151.

Courts have generally been unwilling to extend the operation of this writ and its use has been kept within its own narrow limits. It will be denied, when the object sought is an adjudication upon some question or right which may as well be settled in an ordinary action or according to usual procedure. In other words, this form of proceeding cannot be employed to adjudicate

and establish a right or define and impose a duty, but only to enforce an existing legal right and the performance of a duty specifically enjoined.

In the instant case the thing demanded of the auditor is that he shall make out and deliver to the treasurer of the city of Hammond a duplicate of the property situated in such city. Before the plaintiff is entitled to such judgment of mandate he must show that it is clearly his right to have the relief demanded and the complaint, in order to be sufficient, must show his right to such remedy. The complaint must show stated facts which require him to perform the act demanded and that he had not performed it. Neither paragraph of plaintiff's complaint is sufficient.

The question raised by the demurrer is not whether the relator, under the facts, is entitled to some form of relief, but whether he is entitled to the specific relief prayed for. *Owen County Council* v. *State, ex rel., supra; State, ex rel.* v. *Indianapolis Union R. Co.* (1903), 160 Ind. 45, 66 N. E. 163, 60 L. R. A. 831; *State, ex rel.* v. *Graham, supra;* See, also, Merrill, Mandamus §§255, 256, and cases cited in support of the text.

The court did not err in sustaining appellee's demurrer to each paragraph of the complaint.

Judgment affirmed.

Myers, J., absent.