MCCULLOM ET AL. *v.* STATE, EX REL. THOMPSON, TRUSTEE.

[No. 24,090. Filed December 19, 1923. Modified and rehearing denied October 10, 1924.]

SCHOOLS AND SCHOOL DISTRICTS.—*District Debt.*—*Constitutional Limitations.*—*Liability of Civil Township.*—Acts 1917 p. 684, as amended by Acts 1919 p. 94, as amended by Acts (Spec. Sess.) 1920 p. 55, §6616f Burns' Supp. 1921 and supplemented by Acts 1921 p. 332, §6584b Burns' Supp. 1921 are in view of §1, Art. 13, of the Constitution of Indiana, unconstitutional in so far (if at all) as they undertake to impose on a civil township, existing in the same territory and having the same taxable property as a school township, the duty, on demand of the school trustee, also to incur a debt for school purposes, the school township having already reached its constitutional debt limit.

From Henry Circuit Court; *Fred C. Gause*, Judge.

Mandamus by State of Indiana, ex rel., Anson R. Thompson, trustee of Stony Creek school township, etc., against Nelson P. McCullom and others, members of the advisory board of Stony Creek township, etc. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1397 Burns 1914, Acts 1901 p. 568.) *Reversed.*

*Jeffrey & Jeffrey*, for appellants.

*Scotter & Hinshaw*, for appellee.

*Matson, Carter, Ross & McCord, Smith, Remster, Hornbrook & Smith* and *Leonard, Rose & Zollars*, Amici Curiae.

EWBANK, C. J.—The question presented for decision by this appeal is whether or not the officers of a school township containing taxable property of such value that its debt limit under the constitution is less than $40,000, and of the civil township having the same boundaries and containing the same taxable property, can be compelled, by mandamus, at the suit of the trustee of the school township, to issue and sell bonds of the school township and of the civil township, respectively, in an aggregate amount of more than $40,000 with which to pay for a high and elementary school building in such township. In other words, do Acts 1917 p. 684, as amended by Acts 1919 p. 94, as amended by Acts 1920 (Spec. Sess.) p. 55, §6616f Burns' Supp. 1921 and supplemented by Acts 1921, chapter 130, p. 322, §6584b Burns' Supp. 1921, so far as they may purport to require a school house to be built when petitioned for by one-third of the school patrons, even though the cost exceeds the borrowing capacity of the school township, violate §1, Art. 13 of the Constitution of Indiana (§220 Burns 1914), which provides that "No political or municipal corporation in this state shall ever become indebted, in any manner or for any purpose, to an amount, in the aggregate exceeding two per centum on the value of the taxable property within such corporation," etc. The question arises upon a demurrer to the complaint, that was overruled, after which, upon the refusal of appellants to plead further, the trial court entered a judgment commanding the advisory board to meet and authorize the issue of warrants or bonds in a sum not exceeding $67,000, to pay for a proposed school building.

The complaint was filed by the relator as trustee of the school township.

It alleged, in substance, that the township was organized as a civil township and also as a school town-

ship, and that relator was the trustee and defendants (appellants) the members of the advisory board; that there was no high school therein; that for each of the last two years there had been eight or more graduates from the elementary schools residing in the township, and eight more would complete the work of the elementary schools in the year then closing; that the school building in the town of Blountsville, in said township, had been condemned by the State Board of Health as insanitary, unsafe and unfit for use; that the township contained taxable property of the assessed taxable value of $1,961,440, that the school township had no indebtedness, and that the civil township had an indebtedness not exceeding $10,000; that eighty-eight parents, guardians, heads of families and persons living in said township and having charge of children enumerated for school purposes therein, being more than one-third of all in the township, had petitioned the trustee to establish and maintain a commissioned high school in said township, with competent teachers; that the township was without any building, rooms or equipment for a high school, and without funds on hand or available out of any annual levy from which the cost thereof could be paid; that after receiving said petition the trustee had procured plans and specifications for necessary buildings, rooms and equipment, and had called a meeting of the advisory board for the purpose of determining whether or not an emergency existed for the appropriation of funds to build a high and elementary school building and equip the same, and to pass upon the question of issuing and selling the warrants or bonds of the township to raise funds for said purpose; but that when the members of the advisory board met, and relator had stated to them the facts as above recited, and had requested them, as constituting said board, to issue the warrants or bonds of

said school and civil township, in an amount not to exceed $67,000, to run not more than twenty years, with interest at six per cent. per annum, to be sold for not less than par, said board and defendants, as the members thereof, refused to find such necessity, and refused to authorize the issue and sale of such warrants and bonds.

In support of his proposition that the facts alleged showed a clear legal duty on the part of the advisory board, enforceable by mandamus, to authorize the issue of warrants and bonds for a new school house and equipment, the relator cites and relies on Acts 1921, ch. 130, p. 322, *supra,* and Acts 1917 p. 684, as amended by Acts 1919 p. 94, as amended by Acts 1920 (Spec. Sess.) p. 55, *supra.* The first of these acts provides that where a township contains taxable property exceeding $1,250,000 in value, and for two years last past there have been eight or more graduates of the elementary schools residing in the township, if one-third or more of the parents, guardians, heads of families and persons having charge of children enumerated for school purposes in said township, being residents thereof, shall petition the trustee to establish and maintain a high school or a joint high and elementary school, said trustee shall establish and maintain the same as petitioned for. Acts 1921, ch. 130, p. 322, *supra.*

And the other provides that where a school building shall have been condemned by the State Board of Health as insanitary, unsafe or unfit for use, and the township shall desire to erect a new school building or a new central school building, for the education of children of school age in the common or high school branches of study, and when the indebtedness necessarily incurred for grounds and buildings for such purpose will be in excess of the two per cent. constitutional debt limit for the school township, the trustee

and advisory board may meet on call of the trustee, and, by consent of a majority of the members of the board, declare that an emergency exists for borrowing money by the school township and also the civil township for said purpose, and authorize the trustee to borrow money and issue the bonds of the school township and of the civil township, respectively, payable at such time within twenty years as the advisory board may fix, in any amount sufficient to defray the expense of purchasing such grounds and erecting such school building. Acts 1917 p. 684, as amended by Acts 1919 p. 94, as amended by Acts 1920 (Spec. Sess.) p. 55, §6616f Burns' Supp. 1921, *et seq.*

And he points out that while a "school house" is primarily for use for school purposes, the law permits its use for "other purposes," when not occupied for schools, giving equal rights to all religious denominations and political parties represented in the district. §6614 Burns 1914, §4510 R. S. 1881. And that upon application of a majority of the voters within two miles, the law requires that such of the school buildings and grounds as are capable of use as public meeting places for non-partisan gatherings of citizens, for the presentation and discussion of public questions, or for other civic, social or recreational activities, shall be opened to such uses so far as that does not interfere with their primary use for school purposes. §§6614b-6614e Burns 1914, Acts 1913 p. 947. And he asserts that, under the authority of these statutes, school houses are and long have been used as public halls for all kinds of meetings that would properly be held in a building which might be erected by a civil township or other municipality not charged with the operation of schools, such as lectures, meetings or debating clubs, political meetings, including elections and primary elections conducted by public officers, religious meetings, Sunday

schools and social gatherings. From all of which, he reasons that a civil township, which might be authorized by law to provide a building for some or all of these purposes, may be empowered to contribute toward the erection of a school building devoted (in part) to such uses.

Whether or not this is true we do not find it necessary to decide. Doubtless, after a civil township, by authority of such a statute as we are considering, had borrowed money for which it issued bonds not exceeding two per centum of its taxable property, and had expended such money in helping to pay for a building used as a civic center as well as for school purposes, it would be estopped to deny its liability on the bonds. But the question before the court is not what a civil township, by its own voluntary action, might do toward estopping itself to deny liability for part of the cost of a building that would serve its purposes as well as the purposes of the school township. In the case at bar, the civil township had refused to do anything toward the proposed building, and the trustee, suing as an officer of the school township, sought to mandate its advisory board on the ground that a new building and equipment are needed for school purposes. Under the provisions of the constitution, a municipality cannot become indebted more than two per centum for any purpose. And while it has been held possible for two municipalities, created for different purposes and having different functions, to exist in the same territory and each to contract debts equal to two per centum of the taxable property in that territory, the legislature cannot evade the constitutional limitation by commanding that a debt exceeding two per centum be contracted for a single purpose, and requiring each of two or more municipalities organized in the same territory to become liable for parts of it. And after the school town-

ship has become indebted for school purposes to the constitutional limit without obtaining as much money as it needs to carry out the plans of the school trustee, it is not competent for the legislature, by statute, to impose on the civil township a duty, on demand of the trustee of such school township, also to incur a debt for school purposes. The statutes above cited are unconstitutional in so far (if at all) as they undertake to impose any such duty. The complaint did not state facts sufficient to constitute a cause of action in mandamus.

The judgment is reversed, with directions to sustain the demurrer to the complaint.

Gause, J., not participating.