STATE EX REL. REIMAN *v.* KIMMELL.

[No. 26,779. Filed November 9, 1937.]

*Embree & Baltzell, Thomas B. Coulter, A. A. Clark, Ramsey & Gregory* and *Ewing R. Emison,* for appellant.

*Pickens, Gause, Gilliom & Pickens, H. R. Lewis, Shuler McCormick, .Curtis G. Shake* and *S. G. Davenport,* for appellee.

TREMAIN, J.—On the 8th day of April, 1935, the appellant filed an action in mandamus against the defendant in the Knox Circuit Court, in which he alleged that at the general election held on November 6, 1934, the appellant and appellee were opposing candidates, and the only candidates, for the office of Mayor of the city of Vincennes; that at the time of the election the appellee was the duly elected and qualified Mayor of said city, whose term expired January 1, 1935; that following said election the county board of election commissioners, constituting the county board of canvassers of Knox County, duly canvassed the returns of said election and

found that the appellant had been elected to said office by a majority of fifteen votes; that the result of said election was duly certified and filed in the office of the city clerk of the city of Vincennes, in the method and manner prescribed by law; that afterwards, on November 12, 1934, the appellant duly filed his verified statement of election expenses; that on November 15, 1934, the oath of office was administered to the appellant, and he filed bond in the sum and conditioned as required by law; that the city clerk, acting in collusion with the appellee, wrongfully refused to issue to the appellant a certificate of election to the office of mayor of said city for a term of four years, beginning 12 o'clock noon, January 1, 1935, although repeated demands had been made upon him for such certificate; that appellant demanded of the appellee the possession of the office, together with all books, papers, records, and other property pertaining thereto, which was refused by appellee. Wherefore, the appellant prayed the court to mandate the appellee to deliver to appellant possession of said office, and all books and property pertaining thereto.

To this complaint the appellee filed an answer in two paragraphs. The first was a general denial. The second paragraph admitted that he was mayor of said city from January 1, 1930, to January 1, 1935, by virtue of an election; that at the general election of November 6, 1934, the appellant and appellee were opposing candidates for the office of mayor as alleged in the complaint; that the board of canvassers canvassed the returns made by the election precinct officers for the several precincts of the city, and entered upon the canvassing sheets the number of votes received by each of the parties hereto, all of which were certified to the clerk of said city on November 8, 1934; that from said certified canvassing sheets, it appeared that the appellant received 4,601 and the appellee 4,586 votes.

It is averred that the appellee, not being satisfied with the count of the votes cast for the office of mayor as returned by the board of canvassers, filed his petition for a recount in the Knox Circuit Court on the 10th day of November, following the election, together with bond and notice; that on November 15, the judge of the court, at the hour designated in the notice, the appellant and appellee being present in person and by their attorneys, found that the petition for a recount was duly filed and sufficient, granted the prayer thereof, and requested each party to name a suitable, qualified commissioner to make such recount; that the appellant named William M. Willmore, and the appellee named Curtis G. Shake, and the court named Allen E. Hogue, each of whom was a resident and legal voter of the city. They duly qualified as commissioners. The court fixed the 19th day of November as the time for the commissioners to convene at the courthouse and recount the ballots cast at the general election of November 6, 1934, for mayor of said city. The clerk of the court was ordered to act as clerk of the board of recount commissioners. The court ordered that upon completion of the recount, the commissioners, or a majority thereof, should make out a certificate stating the number of votes received by each candidate, and to set forth therein which of said candidates had received the highest number of votes at said election, and what his majority or plurality was; that such certificate be filed with the clerk of the Knox Circuit Court and recorded in the order book of the court; that the clerk cause a transcript of such certificate, properly and duly certified, to be filed with the clerk of the city of Vincennes.

Pursuant to said appointment, the recount commissioners convened and conducted a recount of the ballots in accordance with the order of the court. The appellant and appellee were present, together with a witness se-

lected by each. The result of the recount, as found by the recount commissioners, was that the appellee, at the general election November 6, received a majority of seven votes for the office of mayor. A certificate was prepared and filed by a majority of the recount commissioners as directed by the court. Upon the filing of such certificates with the clerk of the court and the clerk of the city, the city clerk issued and delivered to the appellee a certificate of his election for a term of four years, beginning January 1, 1935. On receipt of said certificate, the appellee took his oath of office and filed his official bond, and since said January 1, 1935, has been and is now in possession and performing the duties of that office.

It is further alleged that during the pendency of the recount proceedings, on November 20, 1934, the appellant offered to file a motion in said cause to dismiss the recount proceedings on the alleged ground that the court was without jurisdiction of the subject-matter, to which offer to file the appellee objected. The objection was sustained by the court. That, afterwards, on the same day, the appellant filed a suit in said court against the appellee, the recount commissioners, the clerk of the circuit court, and the clerk of the city to restrain and enjoin the said commissioners from proceeding further with said recount, and to restrain the clerks from filing or issuing any certificate in respect thereto. A restraining order was issued without notice to the defendants, but was not served upon any of the defendants until the 22nd day of November, 1934, but it is alleged that the recount had been completed and certified on that day before service of the restraining order; that the restraining order was thereafter dissolved by the court on November 26, and no further orders or injunction has been issued; that the complaint and application for the restraining order al-

leged that the court was without jurisdiction of the subject-matter of said recount.

The answer alleges that a controversy over the title to said office exists between the appellant and appellee; that there had been no judgment rendered by any court in any action adjudicating the title or the right to possession to said office of mayor; that the appellee claims that he received the highest number of legal votes cast for that office at the general election, and is in possession and performing the duties thereof under a certificate of election issued to him by the clerk of said city; that by virtue of the recount commissioners' certificate, based upon a canvass of all the votes cast at said election, the appellee is the duly elected mayor of the city of Vincennes, wherefore he asks that the appellant take nothing by his complaint.

To the second paragraph of appellee's answer the appellant filed a reply in two paragraphs. The first was a general denial, and the second is an affirmative reply, in substance reiterating all the allegations of his complaint, and admitting the allegations of the appellee's second paragraph of answer, but in avoidance thereof says that all the proceedings had in pursuance to the petition asking for the appointment of recount commissioners, were had under the provisions of Sections 61 to 65, inclusive, of Chapter 47 of the Acts of the General Assembly of the State of Indiana (Sections 29-2101 to 29-2105 Burns' Ind. St. 1933, §§7388-7392 Baldwin's 1934), approved April 21, 1881; that at the time of filing said pretended petition for a recount said act had been and was repealed and was null and void; that it was repealed by an act of the General Assembly entitled: "An Act relating to the contest of general and primary elections for district, county, township and municipal offices," approved March 11, 1933 (Chapter 242, Acts 1933); that by reason thereof, the Knox Circuit

Court had no judisdiction over the pretended petition for a recount.

The reply further recites that before the recount commission had finished a canvass and recount of the votes, the appellant filed his verified petition for an injunction and temporary restraining order, as alleged in the appellee's second paragraph of answer; that the defendants therein were present and had notice of the issuance of said temporary restraining order; that a majority of the recount commissioners filed a certificate of the canvass of said ballots after the restraining order had been issued. A copy of the petition for the temporary restraining order is filed as a part of said reply. The paragraph of reply closes with the prayer of the complaint.

Prior to closing the issues, the cause had been venued from the Knox Circuit Court to the Gibson Circuit Court.

Upon the filing of appellant's reply, the appellee filed a motion for judgment upon the pleadings, alleging that whereas the second affirmative paragraph of reply alleged affirmative matters consisting of a confession of the facts alleged in the second paragraph of answer and an attempted avoidance thereof, the appellant is bound by his pleadings, the complaint and the second paragraph of reply; that the facts are admitted, and upon the pleadings the question becomes one of law for the court to determine.

Following the filing of said motion by the appellee, the appellant filed the following motion:

"The plaintiff in the above entitled cause now joins with the defendant and requests the court for judgment on the pleadings herein; and the plaintiff herein, without reservation, requests the court to find for the plaintiff."

Thereupon, the cause was submitted to the court for

finding and judgment. The court sustained the motion of the appellee and overruled the motion of the appellant, and judgment was rendered that the appellant take nothing by his complaint, and that the appellee recover costs, to which the appellant objected and excepted. No motion for a new trial was filed.

The appellant assigns two errors in this court: (1) "The court erred in sustaining the motion of the appellee for judgment on the pleadings in the above entitled cause," and (2) "The court erred in overruling the motion of the appellant for judgment on the pleadings in the above entitled cause."

On appeal the appellant assumes the position that a motion for judgment on the pleadings is not an appropriate remedy. Whether or not it is an appropriate remedy will be determined from the conduct of the parties themselves. It has been held by this court that a party must abide by a procedure which he has induced the court to follow. In *Thorne* v. *Cosand* (1903), 160 Ind. 566, 67 N. E. 257, the appellant asked the court to submit a cause of equitable cognizance to a jury. After an unfavorable verdict and judgment, the appellant objected to that procedure. The court held that after that proceeding was had the appellant should not be allowed to question the regularity of the steps he had induced the court to take. To the same effect is *Dawson* v. *Shirk* (1885), 102 Ind. 184, 1 N. E. 292.

4 C. J. 714, §2627, states the rule as follows:

"Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that proceedings had in conformity thereto were erroneous."

Also see 49 C. J. 668, §§945 and 946, and authorities

there collected. For cases where both parties ask for judgment on the pleadings, see *Rabenstein* v. *Morehouse* (1926), 128 Misc. Rep. 385, 219 N. Y. S. 560; *Crown Corset Co.* v. *C. Ludwig Bauman & Co.* (1925), 213 App. Div. 113, 210 N. Y. S. 60 (affirmed 241 N. Y. 606), 150 N. E. 574; *Leahy* v. *Mercantile Trust Co.* (1922), 296 Mo. 561, 247 S. W. 396; *Combs* v. *Farmers' High Line Canal, etc., Co.* (1906), 38 Colo. 420, 88 Pac. 396.

It appears from the foregoing that the appellant as well as the appellee definitely determined that the cause should be decided by the court as a question of law. They admit in their briefs that the question before the lower court and this court is one of law and not of fact. The admissions in the complaint, answer, and reply, together with the motions for judgment, were effectual for all purposes, and relieved the pleader from offering evidence to establish the facts so admitted. Pleadings are presumed to state the truth, and to contain neither fiction nor falsehood.

Appellant asserts that there is no statute in this state authorizing a judgment to be entered upon the pleadings. Section. 2-2503 Burns' 1933, §375 Baldwin's 1934, provides that:

"When, upon the statements in the pleadings, one party is by law entitled to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

It matters little whether this statute is broad enough or intended to apply to the situation here presented for the reason that the parties agreed upon the procedure followed by the lower court. 49 C. J. 666, §944, lays down the principle that regardless of the existence of a statute, and "even where there is no statute it has been held that the power is inherent in every court of record, when the facts shown and admitted by the pleadings

entitle one party to such judgment." Each party chose the procedure and requested the court to render judgment in his favor. A question of law only is presented to the court.

Appellant says that the recount commission was appointed pursuant to a statute enacted in 1881, and that that statue was repealed by the legislature in 1933. That statute is not expressly repealed by either Chapter 208 or Chapter 242, Acts 1933, but may be considered as superseded by the 1933 Acts. However, in view of the issues formed and the manner in which they were presented to the trial court, it matters little as to whether or not the 1881 Act is repealed.

The appellant sought the remedy of mandamus and asked the court to mandate the appellee to deliver over to him the office of which the appellee was in possession. The law is too well settled in this state that a writ of mandamus will be issued only in cases where the facts show a clear legal right on the part of the relator to the relief demanded, and a clear legal duty resting on the respondent to do and perform the things demanded. It has been held many times that mandamus does not lie to establish a right or to define and impose a duty, and is available only in the absence of another adequate remedy at law. Among the decisions adhering to the rule announced are *State ex rel. Nicely* v. *Wildey et al.* (1935), 209 Ind. 1, 197 N. E. 844; *State ex rel. McGovern et al.* v. *Gilkison, Judge* (1935), 208 Ind. 416, 196 N. E. 231; *State ex rel.* v. *Foland* (1921), 191 Ind. 342, 132 N. E. 674; *Couch* v. *State ex rel.* (1907), 169 Ind. 269, 82 N. E. 457; *Mannix* v. *State ex rel.* (1888), 115 Ind. 245, 17 N. E. 565.

The appellant has not shown that he has a clear legal right to the immediate possession of the office. He has

not shown that there is a clear legal duty owing to him by the appellee for the delivery of the office. He has not shown that he does not have another adequate remedy at law. Before the appellant is entitled to the relief prayed, he must show these conditions to exist. He has made no such showing. The judgment of the lower court is clearly right and should be affirmed.

Judgment affirmed.