STEVENS, TRUSTEE OF ROBB SCHOOL TOWNSHIP, POSEY COUNTY, ET AL. *v.* STATE EX REL. ALEXANDER ET AL.

[No. 28,227. Filed January 21, 1947. Rehearing denied March 28, 1947.]

*Sanford Trippet,* of Princeton, and *William Espenscheid,* of Mount Vernon, for appellants.

*McDonald & McDonald,* of Princeton, for appellees.

O'MALLEY, J.—The complaint in this cause alleged the formal requirements in the first three rhetorical paragraphs. It then alleged that for more than 50 years a joint elementary and high school had been located and maintained at Stewartsville in the Stewartsville School District in Robb School Township; that in May 1944, said school was destroyed by fire and that there is not now a suitable building or facilities for the purpose of conducting a joint elementary and high school in said district; that said school had never been abandoned; that there were approximately 60 students entitled to enroll in said high school; that an emergency existed to sell bonds and to rebuild said school; that 95% of the patrons of said school and 65% of the taxpayers of said district petitioned for the issuance

and sale of bonds of both the school and civil township to make funds to rebuild the school, and that the defendants refused to make any effort toward reconstruction thereof.

It was further alleged that $43,000.00, the proceeds of a fire insurance policy, was paid into the school township as a result of the fire, and that additional funds could be obtained from bonds and from the Federal Government to rebuild said school; that unless the school was rebuilt the children of the district would be denied the privileges of common and high school training; that requests for relief were without avail; that the defendants below were threatening to abandon said school and to erect a grade school in said district and to erect a high school in Poseyville in Robb Township, although they had neither the right nor authority to do so; and that they were threatening to consolidate the schools of Stewartsville and Poseyville without any proceedings having been taken for authorization for said consolidation. The prayer was for mandate to compel the sale of bonds of both the school and civil township and to rebuild said school.

Three paragraphs of answer were filed to this complaint. The first was a denial under our rules. The second and third were affirmative, the former setting up that at the time of this action below there then was a high school in Poseyville in said Robb Township which all students of the township had a right to attend; that this school was of sufficient size and capacity to handle all students of the township; that said school was near the center of the township and was provided with ample furniture, apparatus and educational appliances; and that it was fully staffed with an efficient teaching corps.

It was further alleged in this answer that the Trustee and Advisory Board intended to build and equip a grade school at Stewartsville, and to transport all high school students to the school at Poseyville, which school was ample in size and accommodations for the purpose and that a second high school was unneeded.

There was a jury trial which resulted in a verdict for plaintiffs against the Trustee and Advisory Board of both the school township and the civil township.

The judgment which followed the verdict, mandated the Trustee and the Advisory Board to issue bonds of the civil township and of the school township in an amount sufficient to build the proposed high and elementary school at a cost of more than $110,000.00. The amount available to the school township from money on hand, salvage and to be realized by the sale of all issuable bonds of the school township would not exceed $90,000.00.

We shall first consider whether or not the right of mandate existed to compel the civil township to assist in furnishing funds to construct the proposed high school.

One who requests a mandate must show a clear legal right to the relief that is sought, and a clear legal duty on the officer to perform the function that is to be mandated.

It must be a duty which the law specifically enjoins or some duty resulting from an office. *Gruber* v. *State ex rel. Welliver* (1929), 201 Ind. 280, 284, 168 N. E. 16, 18; *Smith, Trustee* v. *State ex rel. Ross* (1930), 202 Ind. 185, 172 N. E. 911.

In *McCullom* v. *State ex rel. Thompson, Trustee* (1924), 195 Ind. 217, 144 N. E. 864, it was held that

mandate does not lie to compel the officers of a civil township to issue bonds of their civil unit for the construction of a school for the school township.

In *Follett* v. *Sheldon, Treas.* (1924), 195· Ind. 510, 530, 144 N. E. 867, 874, this court in commenting on the McCullom case, *supra,* said:

> "The decision in that case was clearly right upon the facts therein involved. In that case, the civil township refused to aid in the construction of the school house in question and an action was brought to mandate the officers to extend such aid. The statute under consideration clearly leaves it to the advisory board to determine whether an emergency exists to issue bonds for a new school house, and, of course, the courts could not decide that question."

The above cases determined that the Act of 1917, ch. 174, § 1, p. 684, as amended, § 28-3103, Burns' 1933, authorized the civil township to assist in the construction of a new school under the conditions described in the act. That section of the statutes, together with § 28-3101, Burns' 1933, are relied on by the appellees in the instant case to justify the judgment of mandate by the terms of which the civil township officials were ordered to issue the bonds of the civil unit to assist in furnishing funds for the construction of the Stewartsville school. As indicated above, § 28-3103, *supra,* grants a discretion to the officials of the civil township units to assist in such project. Section 28-3101, *supra,* grants authority to the c i v i l township officials to act in assisting in rebuilding a school that has been "destroyed by windstorm, or fire," but this section likewise grants a measure of discretion to the township officials. They may issue or refuse to issue bonds of their civil unit to assist in such project. Under the above sections, the officials of the civil township

are not specifically enjoined to issue bonds of the civil unit, nor can it be said that those sections impose the duty of issuing bonds on the officials of the township civil unit.

The authorities above referred to compel us to hold that while a civil township may, in some instances, assist in supplying funds for the construction of a school, the officers thereof, even under the circumstances described in the statutes, possess a discretion in the matter. They therefore cannot be mandated and the verdict and judgment against the civil township was contrary to law.

It is asserted that § 28-2701, Burns' 1933, applies to the instant case in that the power of a township trustee, in removing or relocating a school, is somewhat limited by the terms of this statute. However, in *Parker* v. *Humflett* (1916), 63 Ind. App. 281, 112 N. E. 253, it was held that the above section does not apply to a joint elementary and high school. There the application of the above statute was confined in its scope to district elementary schools.

Great stress is placed upon § 28-2801, Burns' 1933, by the appellees. It is asserted that this section has the effect of narrowing the discretionary power of the trustee in regard to the abandonment of the school under consideration. However, this section merely limits the discretion of the trustee in regard to *district schools,* but does not mention high schools or joint elementary and high schools. By that it certainly was intended to mean elementary schools. The section is supplemental to ch. 1 of the Acts of 1865. It was enacted in 1901 and was in full force and effect when the case of *Parker* v. *Humflett* was decided. In the instant case the district elementary school is being

rebuilt. The high school at Stewartsville was the only one maintained by the township until there was a consolidation with the Poseyville district. The area of the district for grade or high school students was not shown by the evidence, and it may have been coextensive with the township in regard to the grade school, the high school or both of them.

The judgment is reversed with directions to the trial court to sustain the motion for a new trial and for further proceedings in conformity with this opinion.

NOTE.—Reported in 70 N. E. (2d) 632.