STATE EX REL. ALEXANDER ET AL. *v.* STEVENS, TRUSTEE, ET AL.

[No. 28,633.    Filed October 31, 1950.    Rehearing denied December 1, 1950.]

T. *Morton McDonald* and *Douglas H. McDonald,* both of Princeton, for appellants.

*Sanford Trippet* and *Mark Lockwood,* both of Princeton, for appellees.

JASPER, J.—This is an action for mandate brought by the State of Indiana on relation of Stedman Alexander and twenty-eight others to compel appellees to construct a new elementary grade school building to replace one destroyed by fire, and to enjoin appellees from attempting to abandon the elementary grade school without complying with the law for the abandonment of such school, and to further enjoin appellees from expending all funds received from insurance on the burned school building for other than replacing the elementary grade school building.

The cause was tried upon the amended and supplemental complaint and three paragraphs of answer, appellants' demurrer having been sustained to paragraphs four, five, six, and seven of answer, and overruled as to the second and third paragraphs of answer, to which second and third paragraphs of answer a reply was filed by appellants.

The second paragraph of answer alleged that the appellee trustee had discontinued and temporarily abandoned the elementary school at Stewartsville, where elementary branches only are taught, under authority granted by virtue of § 28-2803, Burns' 1948 Replacement, and that the pupils of the Stewartsville elementary school were being transported to a joint grade and high school located at Poseyville, in Robb School Township.

The third paragraph of answer stated in substance that Robb School Township does not own, possess, or have on hand, funds sufficient to construct an elemen-

tary school house, and that the issuance of bonds to the full constitutional debt limit, supplemented by all other money available, would not raise sufficient money to build an elementary school house.

The court found the facts specially, stated its conclusions of law thereon, and rendered judgment for appellees.

Appellants assign as error the overruling of their demurrer to the second and third paragraphs of answer to the re-amended and supplemental complaint, error of the court in its conclusions of law numbered one, two, and three, and the overruling of appellants' motion for a new trial.

Prior to the filing of the amended and supplemental complaint, the original complaint for mandate, to compel the sale of bonds of both the school and civil townships to build a joint elementary and high school building, was tried before a jury. A verdict and judgment were rendered for appellants, an appeal was taken, and the judgment was reversed. See *Stevens, Trustee* v. *State ex rel. Alexander* (1947), 224 Ind. 688, 693, 694, 70 N. E. 2d 632. In this last-mentioned case, the court found that it is contrary to law to mandate the civil township to issue bonds with the school township, it being discretionary with the civil township to do so. The court also discussed § 28-2801, Burns' 1948 Replacement, and said, among other things:

"In the instant case the district elementary school is being rebuilt."

Appellants' contention that appellees, because of the above quote, have taken a conflicting stand in this case, is not well founded. The original judgment was not reversed because of that statement by the court. The judgment of the trustee

to discontinue and temporarily abandon the school could be exercised at any time as long as it came within § 28-2803, Burns' 1948 Replacement. Conditions could have and evidently did change to such an extent, from the time when he *intended* to rebuild the elementary school, that, in his judgment, it was necessary to discontinue and temporarily abandon the Stewartsville school under the statute. The last-cited case was not reversed because of the intention of the trustee to rebuild the elementary school, nor was that point in issue except in so far as this court used the last-quoted words to discuss the *permanent* abandonment of a district school under § 28-2801, Burns' 1948 Replacement.

Further, the cause now in issue on the amended and supplemental complaint was for the building of an elementary grade school, whereas the original complaint for mandate was for the building of a joint elementary grade and high school. The essential elements and evidence necessary to support the amended and supplemental complaint were different than in the original complaint, and therefore the contention that the law of the case is as set out in *Stevens, Trustee* v. *State ex rel. Alexander, supra,* is not well taken. New issues and new facts were introduced in the case after it was remanded. As to such new issues and facts, we are not bound by the former opinion, but must apply the law applicable to the new and changed pleadings and facts. *Deep Vein Coal Co.* v. *Dowdle* (1946), 224 Ind. 244, 255, 66 N. E. 2d 598.

Appellants further contend that the first conclusion of law upon the findings of fact was error.

Finding of fact number seven was to the effect that on July 18, 1947, the township trustee again discontinued and temporarily abandoned the Stewartsville grade and elementary school, and that the same

has never been re-established and remains discontinued and temporarily abandoned.

Finding of fact number ten was to the effect that the school children of Robb Township are now attending school at Poseyville, which is in such township.

Finding of fact number fifteen was as follows:

"That on an undesignated date in April, 1946, two members of the Advisory Board of said Robb Township met and entered in the record of the Advisory Board minutes as follows:—

" 'The Advisory Board met in the office of the Trustee at Poseyville at 7:30 P.M. and the school situation was discussed and the following resolution was passed.

" 'Whereas the School District in Robb Township formerly served the grade and high school located at Stewartsville in said township is now being served by the high school and grade school located in Poseyville in said township, the building in Stewartsville which was formerly used to house the school having been destroyed by fire several years ago; and

" 'Whereas the continuance of said school district for school purposes would necessitate the construction of a new school building; and

" 'Whereas it appears to be in the interest of the taxpayers of Robb Township that the pupils who otherwise would be served by the school at Stewartsville be transported to and attend school in Poseyville, the transportation of the pupils being much more economical than the maintenance of a separate school at Stewartsville; now

" 'Therefore be it resolved by the Advisory Board of Robb Township that the school districts be temporarily abandoned and that there will be but one school district in Robb Township.

" '(Signed) Walter T. Williams
Ulla Crawford.'

"That immediately following said minutes in the record of the Advisory Board of said Robb Town-

ship, the defendant Stevens, Trustee, made the following endorsement on said day:—

" 'I, Kenneth B. Stevens, in pursuance of the foregoing resolution, hereby temporarily abandon the school districts in the township and declare that thereafter until further action is taken there will be but one school district in Robb Township.

" '(Signed) K. B. Stevens, Trustee.'

"That no notice of said meeting, or of the purpose thereof, or of the intention to abandon said school district, was ever given to the legal voters who were entitled to vote for township trustee in said Stewartsville School District and no opportunity was given to protest or object to said action; and no written consent to said abandonment signed by a majority of those legal voters who were entitled to vote for township trustee in said Stewartsville School District was ever procured for said abandonment.

"That at a meeting of the Advisory Board of said Robb Township on the 18th day of July, 1947, there was read to the Advisory Board a letter from the Trustee of said township in words and figures following:

" 'Gentlemen: Pursuant to authority vested in me by virtue of section 28-2803 Burns Ind. Stats. (Supp) relative to the authority of the township trustee to discontinue and temporarily abandon the grade and elementary school at Stewartsville, Indiana, for the reason that it is more economical to transport the pupils who would attend such school to Poseyville, Indiana, to the Joint Elementary and High School and for the reason that an amended and supplemental complaint has been filed by the plaintiff in Cause No. 6009 in the Gibson Circuit Court, the same being entitled State of Indiana, ex rel. Stedman Alexander, et al. v. Kenneth Stevens, as Trustee, et al., and for the further reason that at this time bus drivers' contracts must be let for the ensuing school years, teachers and janitors hired and school supplies purchased and this is to further notify you that I have at this same time confirmed and continue in force and effect the

previous discontinuance and temporary abandonment of said Stewartsville School heretofore done by me on the —— day of April, 1946, after assuming my duties as trustee.

" 'This is to likewise notify you further that I have redistricted Robb School Township for school purposes by creating one school district in the said school township co-extensive with the legal boundaries of the township, thereby eliminating and abolishing both the Poseyville District and Stewartsville District as separate entities. This is done for the reason that there has heretofore been no definitely established boundaries of either of these districts and for the further reason that the general trend and tendency in school administration is to consolidate school districts wherever possible and to eliminate unnecessary districts in the interest of economy and efficient administration and the sound educational policy.

" 'All of said actions as herein set out are to be effective immediately and to continue in full force and effect until altered or changed by the action of the trustee in writing to you.

" 'Respectfully submitted,
" 'K. B. Stevens, Trustee.'

"The foregoing letter was discussed by the Advisory Board and upon the motion of Mr. Downen, seconded by Mr Schutz, the following resolution was adopted by said Advisory Board and ordered spread of record:—

" 'Whereas on this date the trustee of Robb School Township has presented a letter to this Board embodying certain changes in the school system of Robb School Township, discontinuing and temporarily abandoning the Stewartsville grade and elementary school and continuing and confirming his previous acts after his assuming the office of trustee in so discontinuing and temporarily abandoning said school at the date of —— day of April, 1946, and creating as of this date a single school district in Robb School Township co-extensive with the legal boundaries of the school township for the reason of economy and in the interest

of sound public school administration, thereby abolishing and eliminating both Poseyville School District and Stewartsville School District as separate entities.

. " 'Now, be it therefore resolved by the Board that said letter be accepted by this Board and that the acts of said trustee as set out therein be in all things ratified and confirmed and said new school district co-extensive with the legal boundaries of Robb School Township be, and is hereby created and the previous district of Poseyville and Stewartsville, be eliminated and abolished as separate entities and the grade and elementary school at Stewartsville, Indiana, is hereby as of this date discontinued and temporarily abandoned, said discontinuance and temporary abandonment to continue in full force and effect until halted by the act of the township trustee; and be it further resolved by the board that no teachers be hired, no janitor hired, no school bus contracts let to transport the pupils heretofore attending the said Stewartsville School to said school, no school supplies be purchased for the use of said Stewartsville School and the said pupils of the elementary grades heretofore attending said Stewartsville School be transported to the joint grade and high school at Poseyville, Indiana, until further order of the trustee and the secretary of the board is ordered to spread these minutes and the letter of the trustee of record on the minute book of the board.' "

The statute authorizing the discontinuance and temporary abandonment of a school (§ 28-2803, Burns' 1948 Replacement) provides as follows:

"The township trustees shall discontinue and temporarily abandon all schools under their charge at which the average daily attendance during the last preceding school year has been fifteen (15) pupils or fewer; and said trustees may discontinue and temporarily abandon all schools at which the average daily attendance during the last preceding school year has been twenty (20) pupils or fewer: Provided, The condition as to roads, streams and bridges permit of such discontinu-

ance: Provided, further, That any school so discontinued and temporarily abandoned may be reestablished by the township trustee in his discretion whenever he shall feel assured of an average daily attendance of more than twelve (12) pupils during the school year: Provided, further, That nothing in this act, or in the act to which it is amendatory, shall authorize the discontinuance of any school exclusively for colored pupils, where the average daily attendance has been twelve (12) pupils or more and where such school is the only school for colored pupils in such school corporation, and any such school heretofore discontinued by the operation of said act shall be re-established: And, provided, That in case a majority of the patrons of any school district petition that any school heretofore abandoned be reopened, then the township trustee shall open such abandoned school and re-establish the same. *In the event that any township maintains two (2) schools, each consisting of more than one (1) room, in one of which schools the elementary branches only are taught and in the other of which both the elementary branches and the high school branches are taught, and if, in the judgment of the township trustee of such township, it will be more economical to transport the children who are entitled to attend the school in which the elementary school branches only are taught to the school in which both elementary school and high school branches are taught, the township trustee may discontinue and temporarily abandon such school in which the elementary branches only are taught, regardless of the daily attendance at such school and provide for the education of such children in the. school in which both elementary school and high school branches are taught.* In the event that any township maintains two or more schools, in all of which the elementary branches only are taught, and if, in the judgment of the trustee of such township, it will be more economical to transport the children who are entitled to attend school in any one of such schools to any other of such schools, the township trustee may discontinue and temporarily abandon any one of such schools, regardless of the daily attendance at such school, and provide for

the education of such children in the school to which such children are transported. *Any such school which is discontinued and temporarily abandoned may be reopened at any time thereafter, if, in the judgment of the township trustee, the reopening of such school will be desirable and advantageous to the children of such township."*

The school for which the mandate is sought comes within the last-cited statute. The statute for permanent abandonment of a school (§ 28-2801, Burns' 1948 Replacement) provides as follows:

"No township trustee shall abandon any district school in his township until he shall have first procured the written consent therefor signed by a majority of those legal voters who are entitled to vote for township trustee in such district: Provided, This act shall not apply to schools which have an average daily attendance of twelve (12) pupils or fewer. It shall be the duty of every township trustee to re-establish any district school so abandoned upon the written petition of two-thirds of the legal voters who are entitled to vote for township trustee in such district."

The last-cited statute was enacted by the Legislature in 1901 (Acts 1901, ch. 97, § 1, p. 159). The act for the discontinuance and temporary abandonment of schools was enacted by the Legislature in 1907 (Acts 1907, ch. 233, § 1, p. 444), and amended in 1909 (Acts 1909, ch. 30, § 1, p. 73), in 1935 (Acts 1935, ch. 77, § 1, p. 231), and in 1937 (Acts 1937, ch. 274, § 1, p. 1272). The part in issue now before us was added to the act by amendment in 1935. We find the words "discontinue and temporarily abandon" limited only by the words "in the judgment of the township trustee."

The contention of appellants that these acts are in conflict, and that by implication § 28-2803 repeals § 28-

2801, is not well founded, as these two statutes can be reconciled, the one being for the permanent discontinuance and abandonment of a school and the other for the discontinuance and temporary abandonment of a school. They are not in conflict, nor does the one by implication in any manner repeal the other.[1]  Under the provisions of § 28-2803, an additional relief was given to the school township, to be exercised in the judgment of the trustee.  It was admitted in argument that Robb Township comes within the provisions of § 28-2803.  The township trustee was vested with discretion regarding the discontinuance and temporary abandonment of the Stewartsville school, and this court has held that where discretionary matter is vested in an officer mandate will not lie. *Frost* v. *State ex rel.* (1914), 181 Ind. 581, 105 N. E. 51; *State ex rel.* v. *Schmetzer, Tr.* (1901), 156 Ind. 528, 60 N. E. 269. As stated in *Stevens, Trustee* v. *State ex rel. Alexander, supra* (p. 691 of 224 Ind., p. 634 of 70 N. E. 2d) :

> "One who requests a mandate must show a clear legal right to the relief that is sought, and a clear legal duty on the officer to perform the function that is to be mandated.
> "It must be a duty which the law specifically enjoins or some duty resulting from an office. *Gruber* v. *State ex rel. Welliver* (1929), 201 Ind. 280, 284, 168 N. E. 16, 18; *Smith, Trustee* v. *State ex rel. Ross* (1930), 202 Ind. 185, 172 N. E. 911."

The cause before us for mandate does not come within either a duty which the law specifically enjoins, or

---

[1] See *De Haven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. 2d 184, for general rule governing repeal of statutes by implication.

some duty resulting from an office, and therefore the first conclusion of law is not in error, and appellants' third assignment of error is without merit.

Appellants further contend that the court committed error in overruling appellants' demurrer to the second paragraph of answer of appellees. This second paragraph of answer was a good defense to the amended and supplemental complaint, and, as against the contention of appellants, the trustee was under no duty to rebuild the elementary school until such time as he, in his judgment, re-established the school under § 28-2803, Burns' 1948 Replacement, *supra*. The pupils are being properly schooled in the Poseyville joint elementary and high school. There are no pupils to occupy the building at Stewartsville because of the discontinuance and temporary abandonment. This court has often said that the law will not compel a futile act, so, until such time as the Stewartsville school is re-established, it would be a futile act to rebuild it. The second paragraph of answer was good as against demurrer.

Appellants, by failure to discuss in their brief their assignments of error numbered two and six, waived any claimed error under this court's rule 2-17.

Assignments of error numbered four and five need not be discussed because of the reasons given in overruling assignment of error numbered three.

We do not find merit in the other questions presented.

Judgment affirmed.

NOTE.—Reported in 94 N. E. 2d 660.