STATE EX REL. MANN, ETC. *v.* JABERG, ETC. ET AL.

[No. 29,619.  Filed July 2, 1958.]

*Custer & Smith, D. Burdette Custer* and *Robert G. Smith,* all of Decatur, for appellant.

*J. A. Bruggeman,* of Fort Wayne, for appellees.

*C. H. Muselman,* of Berne and *Hubert McClenahan,* of Decatur, for appellee Monroe Township, Adams County.

*Robert S. Anderson,* of Decatur, for appellee, Edward F. Jaberg.

BOBBITT, C. J.—Relator-appellant brought this suit in mandate seeking an order of the Adams Circuit Court to require "Edward F. Jaberg, as Auditor of Adams County, Indiana, to void all purported transfers made in his office of taxable property from Wabash Town-

ship of Adams County, Indiana, to Monroe Township of Adams County, Indiana; that all transfer books, tax duplicates and statements in his office be corrected to show all taxable property within the corporate limits of Wabash Township of Adams County, Indiana, to-wit, Township twenty five (25) North of Range fourteen (14) east, as located within and subject to taxation by Wabash Township of Adams County, Indiana; and for all further relief proper in the premises."

Judgment was for the defendant-appellee and that relator-appellant recover nothing in his action for mandate. However, the trial court, *sua sponte,* enjoined defendant-appellee Auditor from transferring any further real estate from Wabash Township to Monroe Township, Adams County, Indiana, or any adjoining township in such county, unless such transfer is authorized by the Board of County Commissioners.

It is apparent from the pleadings that the real issue before the trial court was not the mere placing of omitted property on the tax duplicate but was the determination of the location of the boundary line between Monroe Township and Wabash Township in Adams County, Indiana. This cannot be determined in a suit for mandamus.

If mandamus is not a proper remedy then it is unnecessary to consider other questions which relator-appellant has presented by his motion for a new trial.

"One who requests a mandate must show a clear legal right to the relief that is sought, and a clear legal duty on the officer to perform the function that is to be mandated." *Stevens, Trustee* v. *State ex rel. Alexander* (1947), 224 Ind. 688, 691, 70 N. E. 2d 632, 634; *State ex rel. Alexander* v. *Stevens* (1950), 228 Ind. 675, 686, 94 N. E. 2d 660.

"A writ of mandamus is an extraordinary writ which can be issued only to compel the performance of a clear legal duty. The pleadings must show that the duty of the respondent to perform the act is absolute and imperative." (Citing authorities.) *State ex rel. Thompson* v. *Rhoads* (1946), 224 Ind. 136, 140, 65 N. E. 2d 248, 250. See also: *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 333, 75 N. E. 2d 151.

"A writ of mandate will be issued only in cases where the facts show a clear legal right on the part of the relator to the relief demanded, and a clear legal duty resting on the defendants to do and perform the thing demanded. (Citing authorities.)

"Mandamus does not lie to establish a right or to define and impose a duty and is available only in the absence of another adequate remedy. (Citing authorities.)

. . .

"It will be denied, when the object sought is an adjudication upon some question or right which may as well be settled in an ordinary action or according to usual procedure. In other words, this form of proceeding cannot be employed to adjudicate and establish a right or define and impose a duty, but only to enforce an existing legal right and the performance of a duty specifically enjoined." *State ex rel.* v. *Foland, Auditor* (1921), 191 Ind. 342, 348-350, 132 N. E. 674, 676, 677. See also: *State ex rel. Black* v. *Burch* (1948), 226 Ind. 445, 490, 80 N. E. 2d 294, 81 N. E. 2d 850; *State ex rel. Reiman* v. *Kimmel* (1937), 212 Ind. 639, 648, 10 N. E. 2d 911; 34 Am. Jur., Mandamus, §§32, 36, pp. 829, 831.

Appellant's complaint alleges that certain lands have been transferred on the tax rolls by the County Auditor from Wabash Township to Monroe Township, in Adams County, Indiana; that these transfers resulted in a change in the township boundary without authority of law; and that the north boundary of Wabash Township "runs east-west between Township twenty five

(25) North of Range fourteen (14) east and Township twenty six (26) North of Range fourteen (14) east in Adams County, Indiana." Answer in general denial of the material allegations of the complaint was filed by defendant-appellee Auditor. The prayer for relief is set out hereinabove.

Relator-appellant testified that the township line coincides with State Road 118 which divides the City of Berne, but that the assessment sheets prepared by the County Auditor for Wabash Township failed to list any property within such city, and that the 1957 tax list did not include certain property which appeared on the 1956 list and which had been transferred to the City of Berne, that this practice has been continuing for several years during the time he has been Trustee, resulting in all property within the city limits of Berne being excluded from the assessed valuation of Wabash Township.

The Trustee of Monroe Township testified that during his time in office he has assessed all property within the Berne city limits for Monroe Township and that "as the south boundary of the city of Berne, Adams County, Indiana, moved south, so does the south boundary of Monroe Township, Adams County move south."

Defendant-appellee introduced a number of exhibits including (1) a map allegedly drawn in 1908 showing a portion of township 25, *supra,* as being in Monroe Township,[1] and (2) a record of the Board of County Commissioners of 1887 showing a change in the boundary line by annexation to Monroe Township of a strip of ground approximately 160 rods by 230 rods out of Wabash Township.

---

1. This exhibit was admitted over the objections of relator-appellant.

It is clear that this evidence pertains solely to the location of the boundary line of Wabash and Monroe Townships, and that it affirmatively shows, without contradiction, that relator-appellant is not entitled to the relief sought, in that the records of the County Commissioners show that the boundary line between the two townships is in a different location from that alleged in the complaint.

It is likewise apparent from the record here that the act which relator-appellant seeks to have appellee Auditor perform is dependent upon a judicial determination of the correct location of the boundary line between the two townships, and that relator-appellant seeks by his action in mandamus to adjudicate and establish his right to the change in the location of a township boundary line, as it appears on the tax records in the office of the County Auditor. This he cannot do. *State ex rel.* v. *Foland, Auditor, supra* (1921), 191 Ind. 342, 350, 132 N. E. 674; *State ex rel. Black* v. *Burch, supra* (1948), 226 Ind. 445, 490, 80 N. E. 2d 294, 81 N. E. 2d 850.

It further appears that there is no clear legal duty resting on appellee Auditor to perform the function which relator-appellant seeks to have performed, and that there is no clear legal right on the part of appellant to the relief demanded.

The pleadings do not show an "absolute and imperative" duty, nor is it shown that there is not an adequate remedy at law.

We have examined the cases cited by appellant to support his right to the remedy he has pursued and they are clearly distinguishable from the case at bar, because in each of them, where mandamus was sustained, the duty of the official involved was clear and absolute.

For the reasons above stated, relator-appellant's petition for writ of mandate herein must be denied.

Because the trial court was without authority to issue the injunction to prevent appellee Auditor from transferring any further real estate from ■ Wabash Township to Monroe Township, that part of the judgment is reversed, and in all other particulars the judgment is affirmed.

Landis, Achor and Emmert, JJ., concur.

Arterburn, J., dissents with opinion.

### DISSENTING OPINION

ARTERBURN, J.—I cannot agree with the reasoning of the majority opinion which states that the action of mandate is misconceived in this case because there is involved an issue of locating a township boundary line.

The real issue here is whether or not the Auditor of Adams County has a mandatory duty to correctly place on the tax duplicate all taxable property located in Wabash Township in Adams County. The action is brought by the relator as a taxpayer and also as trustee of Wabash Township. The statute imposes a mandatory duty on the county auditor without any discretion, in my opinion.

The statute (Burns' §64-1402) reads in part:

" . . . . If such county auditor shall fail or refuse, on the discovery by himself, or on credible information being furnished him by another person, that property has been omitted from taxation, the state, on the relation of any state officer, or of the state board of tax commissioners, or of any taxpayer of the county in which such failure or refusal occurs, shall have the right to proceed against such county auditor in any court of competent jurisdiction *by mandamus*, to compel such

county auditor to comply with the provisions of this section." (Our italics.)

Burns' §§64-1403, 1407 and 1408 further provide that the auditor "shall" make up the assessment rolls of each township, correct any errors therein, and deliver the same to the county auditor each year. The allegations in this case are that certain property has been omitted from the assessment rolls of Wabash Township. The fact that the property, however, was listed in another taxing unit by error, whether it be a city or township, is no excuse and does not prevent an action of mandate to force the auditor to perform his legal duty of properly listing the property. A mandamus action in this case would not interfere with any discretionary action of the county auditor, since he has no discretion in such matters.

To me, it is begging the question to say that an action of mandamus will be denied because a boundary line has to be determined in order to fix a legal duty. In every case of mandamus some issue of facts has to be determined in order to fix a legal duty to act. It is only when the determination of such fact or judgment is within the discretion of the official that mandamus will be denied. The auditor in this case has no discretion in listing all taxable property in Wabash Township. The correct legal boundary line of a township has to be determined to fix this duty. The fixing of the boundary line is not a discretionary duty of the auditor. The court has the duty to settle such type of dispute when called upon.

For the reasons stated, I think the action of mandate is the proper remedy in this case.

NOTE.—Reported in 151 N. E. 2d 505.