## MARROTTO v. McCOTTER.

(Supreme Court, Appellate Term.   December 17, 1903.)

1. WRITTEN LEASE—PAROL TESTIMONY—ADMISSIBILITY.

Parol testimony is incompetent to prove that the actual understanding of the parties to a written lease, showing that at the time of its execution the lessee had paid an amount equal to three monthly installments of the yearly rent reserved, was that part of such deposit was to be applied in payment of, or to be reserved as security for the payment of, any subsequently accruing rent.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Giachi Marrotto against William S. McCotter. Judgment for defendant, and plaintiff appeals.   Affirmed.

Action by the lessee upon a lease in writing to recover a sum alleged to have been agreed to be paid upon a surrender of the demised premises.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Charles Le Barbier, for appellant.

William F. Kimber, for respondent.

BISCHOFF, J.   The action was upon a lease in writing, brought by the lessee against the lessor, to recover the sum of $500, of which $200 were for an alleged deposit as security for the rent for the last two months of the term, and $300, which the defendant had agreed to pay in the event of a sale of the demised premises during the term, provided the plaintiff would vacate and surrender the premises upon a previous notice in writing of 30 days from the defendant, requiring him so to do.   In neither respect, however, was any right of recovery shown.   The lease, as stated, was in writing.   It appeared therefrom that at the time of its execution the plaintiff paid an amount equal to three monthly installments of the yearly rent reserved; but nowhere did it appear that of this amount any part thereof was to be applied in payment of, or to be reserved as security for the payment of, any subsequently accruing rent.   Parol evidence was incompetent to show that such was the actual understanding of the parties.   There was not as much as a pretense that the plaintiff vacated the premises in compliance with any notice or request from the defendant upon a sale of the same;   and the facts were established, without conflict, that the premises were sold and conveyed subject to the plaintiff's right of possession under the lease, and that he remained in the enjoyment thereof until dispossessed for his nonpayment of the rent reserved.

The appeal is wholly without merit, and the judgment should be affirmed, with costs.   All concur.

¶ 1. See Evidence, vol. 20, Cent. Dig. § 1736.