CROWN CORSET COMPANY, Respondent, *v.* C. LUDWIG BAUMANN & COMPANY, BROOKLYN, Appellant.

First Department, May 29, 1925.

**Landlord and tenant — action for rent — lease for four months with option to tenant to extend for twenty months by notice given within sixty days — on failure to execute option tenant was to hold over at same rent at option of landlord — option to extend was exercised by tenant — lease contained option to either party to terminate tenancy on sixty days' notice — said option applied only in case option to extend was not exercised — tenant is liable.**

The defendant is liable for the rent of premises for the month of June, 1924, under a written lease for four months, which became effective on May 1, 1923, by the terms of which the defendant had the right by serving written notice on the plaintiff within sixty days from the beginning of the lease, to extend the lease for twenty months beyond the original time, since it appears that the defendant took advantage of the option and extended the lease for twenty months by the service of written notice. The defense that the defendant terminated the lease under another clause, which authorized either party to terminate the lease on sixty days' notice, is without merit, for that clause was applicable only in case the tenant failed to extend the lease and held over under another clause which permitted him to hold over after the termination of the original lease at the same rate per month at the option of the landlord.

APPEAL by the defendant C. Ludwig Baumann & Company, Brooklyn, from an order of the Supreme Court, made at the New

York Special Term and entered in the office of the clerk of the county of New York on the 8th day of September, 1924, granting plaintiff's motion made under rule 112 of the Rules of Civil Practice for judgment on the pleadings and denying defendant's like motion to dismiss the complaint; also from the judgment entered in said clerk's office on the 11th day of September, 1924, pursuant to said order, and also from an order entered in said clerk's office on the 23d day of October, 1924, denying defendant's motion for reargument of the motion for judgment on the pleadings.·

*Greenbaum, Wolff & Erns:* [*Edward S. Greenbaum* of counsel], for the appellant.

*Frayer & Ehrhardt* [*Eugene Frayer* of counsel], for the respondent.

MERRELL, J.:

The action was brought by the plaintiff to recover of the defendant the sum of $500, with interest since June 1, 1924, the said sum being claimed by the plaintiff to be rental of premises leased by the plaintiff to the defendant, for the month of June, 1924. Both the plaintiff and defendant are domestic corporations. In its complaint the plaintiff alleges that on or about the 12th day of May, 1923, the plaintiff and the defendant made and entered into an agreement in writing whereby the plaintiff, as landlord, leased to the defendant, as tenant, and the defendant hired from the plaintiff, a brick factory and premises in the borough of Brooklyn commonly known as Nos. 17–19 Menahan street in said borough, for the term of four months from the 1st day of May, 1923. A copy of the lease in question is annexed to the complaint, marked Exhibit A. The rental provided in the lease was at the rate of $6,000 a year to be paid in monthly payments of $500 on the first of each and every month in advance ·without demand therefor. The lease contained the following option permitting the tenant within sixty days from the commencement of the lease period to extend the lease to April 30, 1925, to wit: " The landlord and the tenant hereunder further agree that the tenant may serve written notice to the landlord within sixty (60) days from the beginning of the period of this lease that it elects to extend this lease at the same monthly rental, namely Five hundred dollars ($500.00) as herein specified, for a term to run to April 30th, 1925. In the event that the tenant fails to avail itself of this permission to extend the lease but does stay on as a monthly tenant beyond the period herein specified it may do so at the same monthly rental, namely Five hundred dollars ($500.) provided the landlord is agreeable to such holdover."

In its complaint the plaintiff alleges that upon the making

and execution of the said written agreement between the parties the defendant duly entered into possession of the premises therein described and occupied the same as a tenant under said agreement, and, further, that within sixty days from the beginning of the period of said lease, to wit, on or about the 23d day of June, 1923, the defendant, the tenant named in said lease, served written notice to the plaintiff, the landlord therein named, under and pursuant to the provisions of the above-quoted clause of the lease, that the said defendant elected to extend said lease at the same monthly rental of $500 for a term to run until May 1, 1925, and that the plaintiff received and accepted said notice, and that thereupon the lease became and was a lease between the parties thereto for a definite period running to and including April 30, 1925, and that the defendant thereafter continued to occupy said premises under said agreement of lease as so extended and paid the monthly rental therein prescribed of $500 for each month up to and including the month of May, 1924. None of the aforesaid allegations of the complaint are denied in the answer of the defendant, and must, therefore, be accepted as true. By the 10th paragraph of plaintiff's complaint it is alleged: " That the defendant has failed, neglected and refused to pay the rent for said premises under said lease for the month of June, 1924, or any part thereof, and the same, to wit: $500.00, is now due and owing from the defendant to the plaintiff."

In its answer the defendant denies said tenth allegation of the complaint, except that it admits that it has not paid the rent for the premises referred to therein for the month of June, nor has it paid any part thereof.

As a separate and distinct defense to plaintiff's alleged cause of action set forth in the complaint, the defendant alleged in its answer that on the 29th day of March, 1924, and after July 1, 1923, the defendant served upon the plaintiff a notice in writing that the said lease should cease and come to an end sixty days after the receipt of said written notice by the plaintiff, and that said sixty days from the date of said notice expired on or before the 31st day of May, 1924, and that said lease thereupon ceased and determined; that on or before the 31st day of May, 1924, the defendant vacated and surrendered to the plaintiff the aforesaid premises referred to in said lease. The contention of the defendant was based upon a clause contained in the lease between the parties, as follows: " It is specifically agreed by and between the parties hereto that on or after July 1st, 1923, the landlord may serve notice to the tenant or the tenant may serve notice to the landlord that this agreement shall cease and come to an end sixty days after the receipt of written notice by one party to the other. In such event

the rent for the remaining sixty days shall be the same as herein provided and at the end of said sixty days the lease shall come to an end as if such date were definitely fixed as the expiration of said lease."

And it was under and pursuant to the clause last above quoted that the defendant, as tenant, essayed on March 29, 1924, to terminate its tenancy of said premises. After the case was at issue the defendant first moved for judgment upon the pleadings dismissing the plaintiff's complaint, pursuant to rule 112 of the Rules of Civil Practice, and in response thereto the plaintiff served a cross notice of motion upon the defendant for judgment on the pleadings in plaintiff's favor, both motions being made returnable on September 5, 1924, at Special Term, Part I, of the New York Supreme Court. Said motions coming on to be heard, the learned justice presiding denied the motion of the defendant for judgment on the pleadings and granted that of the plaintiff, and the judgment appealed from in plaintiff's favor was entered accordingly. An examination of the lease would convey the impression that its terms are somewhat ambiguous and contradictory. The justice presiding at Special Term held that the option contained in the lease that either party might serve upon the other at any time after July 1, 1923, a notice terminating the lease was in reality an option to extend it. This provision of the lease upon which the defendant relies is that the landlord may serve notice to the tenant or the tenant may serve notice to the landlord that "*this agreement* shall cease and come to an end sixty days after the receipt of written notice by one party to the other." The "this agreement" therein referred to clearly meant the agreement of the lease for the period of four months. No attempt was made on the part of the tenant to exercise such option until March 29, 1924, or ten months after the lease was made. On June 23, 1923, the tenant exercised the option which alone it could enjoy of extending the term of the lease within sixty days after its beginning for a period ending April 30, 1925. By the service of such notice a new term was fixed ending April 30, 1925. Thus, before July 1, 1923, when the option upon which the tenant depends came into being, the tenant had exercised the option granted to it alone and had extended the term of the lease to the definite period until April 30, 1925. Thereby the rights of the parties became unalterably fixed. The Special Term held, I think, correctly that the tenant was bound by its exercise of the option on June 23, 1923. I can see no other reasonable interpretation of the rather ambiguous contract.

That the court at Special Term correctly interpreted the clause of the written agreement granting either party an option to terminate the lease by the service of notice to that effect at any time

after July 1, 1923, and that such lease should come to an end sixty days after the receipt of written notice by one party to the other, as really a clause granting permission to *extend* the lease rather than to cancel it, seems to be perfectly plain when we consider that the original term of the letting was for four months and that under the express provisions of the written agreement, in the event that the tenant failed to avail itself of the permission exclusively given it to extend the lease to April 30, 1925, it might, nevertheless, stay on as a monthly tenant beyond the original four months' period at the same monthly rental, provided the landlord was agreeable to such holdover. Thus, had the tenant held over without exercising its exclusive option to extend its term to April 30, 1925, it could have at any time extended its leasehold term for sixty days after the receipt by the landlord of its notice to that effect. Thus, for example, had the tenant held over until October 1, 1923, as a monthly tenant, either party might then have served the notice terminating the lease in sixty days. By the service of such a notice the tenancy would have been *extended* until December 1, 1923.

Whatever ambiguity there was in the language of the written agreement between the parties was for the court to resolve. (*Bernstein v. Smith,* 119 Misc. 34; affd., 205 App. Div. 880; *Marrotto v. McCotter,* 85 N. Y. Supp. 431.) Both parties moved for judgment on the pleadings, thereby impliedly conceding that there was no question of fact involved requiring proof or submission to a jury.

The judgment and orders appealed from should be affirmed, with costs.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur.

Judgment and orders affirmed, with costs.