*Henry F. Cochrane* for appellants.

*Harold Swain* and *Henry Hetkin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Crown Corset Company, Respondent, *v.* C. Ludwig Baumann & Company, Appellant.

*Landlord and tenant — lease — extension under option therein — provision in original lease that same might be canceled by either party upon written notice not applicable to extended term.*

*Crown Corset Co.* v. *Baumann & Co.*, 213 App. Div. 113, affirmed. (Argued December 8, 1925; decided January 12, 1926.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department entered June 4, 1925, unanimously affirming a judgment in favor of plaintiff entered upon an order granting a motion by plaintiff for judgment upon the pleadings and denying a motion by defendant for a dismissal of the complaint. The action was to recover rent. The complaint alleged that plaintiff leased premises to defendant for four months from the 1st day of May, 1923, the lease containing an option permitting defendant to extend it to April 30, 1925, which it duly exercised, and continued in possession of the premises and paid rent therefor until the end of May, 1924, when it vacated the premises and refused to pay the rent for the month of June. The defense was that on March 29, 1924, defendant served upon plaintiff a notice in writing that such lease should cease sixty days after such notice and claimed that thereby the lease was terminated pursuant to the following provision therein: " It is specifically agreed by and between the parties hereto that on or after July 1st, 1923, the landlord may serve notice to the tenant or the tenant may serve notice to the landlord that this agreement shall cease and come to an end sixty days after the receipt of written notice by one

party to the other. In such event the rent for the remaining sixty days shall be the same as herein provided and at the end of said sixty days the lease shall come to an end as if such date were definitely fixed as the expiration of said lease." The Appellate Division held that the cancellation clause was inapplicable to the extended term.

*Lawrence S. Greenbaum* and *Jonas J. Shapiro* for appellant.

*Eugene Frayer* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN J. FLANAGAN, Respondent, *v.* FRED T. LEY & CO., INC., et al., Appellants.

*Negligence — failure to light dark passageway in basement of building in course of construction and to guard opening in floor — injury to workman from falling through such opening.*

*Flanagan* v. *Ley & Co., Inc.,* 214 App. Div. 776, affirmed.

(Argued December 9, 1925; decided January 12, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. In the construction of a building, holes had been left in the floors for the operation of a hod-hoist. When no longer needed the openings had either been permanently closed or planked over. On the day of the accident a subcontractor, who had been authorized by the general contractor to close the openings, directed one of its workmen to fill in the opening in the basement. He removed the planks and left the opening, which was in a dark passageway, unguarded and without light, to procure material. Plaintiff, an employee of another sub-