WALTER C. RABENSTEIN, Plaintiff, *v.* LESLIE H. MOREHOUSE and Another, Defendants.

County Court, Oneida County, December 18, 1926.

Attorney and client — attorney's lien — defendants became sureties upon appeal bond given by defendant in action wherein plaintiff served as attorney for plaintiff and procured judgment — parties, without attorney's knowledge and in disregard of his rights, effected satisfaction of said judgment, pending appeal — satisfaction was set aside in Supreme Court to extent of plaintiff's lien and his client was adjudged insolvent — plaintiff thereupon sued defendants as sureties — defendants liable since bond redounded in plaintiff's favor — plaintiff has no remedy in equity to foreclose lien.

Defendants, who became sureties upon an appeal bond given by the defendant in an action wherein the plaintiff served as attorney for the plaintiff and procured a judgment, are liable to said attorney for the amount of his lien for

25

services, plus costs, in the prior action, where it appears that pending an appeal to the Appellate Division, and without said attorney's knowledge and in utter disregard of his rights, his client and the defendant for whom the defendants herein became sureties, satisfied the judgment appealed from; that the satisfaction was set aside in the Supreme Court to the extent of the plaintiff's lien; and that upon a determination that his client was insolvent the plaintiff brought this action on the appeal bond.

There was a privity of contract between the parties in the prior action and the attorney, the plaintiff herein, for the appeal bond redounded to the benefit of any one interested in the collection of the judgment which the plaintiff had obtained for his client.

Plaintiff has no remedy in equity to foreclose his lien for there is nothing to foreclose the lien upon.

CROSS-MOTIONS for judgment on the pleadings under rules 104 and 109 of the Rules of Civil Practice.

*Walter C. Rabenstein,* plaintiff in person.

*Searle & Searle,* for the defendants.

HAZARD, J. Plaintiff is an attorney at law, and as such, acting for one Leonora Harrison, he obtained on the 27th of March, 1925, a judgment for $2,305.30 against her husband, William Harrison. The latter appealed to the Appellate Division, and to obtain a stay of execution gave a bond upon which these defendants became sureties. Subsequently, by some means or another which, it was said on the argument, did not involve the payment of any money, Harrison induced his wife to satisfy the judgment. Thereafter the appeal to the Appellate Division was on plaintiff's motion dismissed. Proceedings were started by this plaintiff who had never received anything from the Harrison action, to have the amount of his claim or lien in that case established. In that proceeding in the Supreme Court it was established that Mrs. Harrison was insolvent, and that plaintiff's services were worth $700, and that he had a lien on the said judgment for that amount, and costs; and the order provided that the satisfaction of the judgment be set aside and vacated to the extent of $726.20. Thereupon plaintiff brings this action against the two sureties upon the appeal bond. The answer, after admitting practically all of the facts above recapitulated, sets up the settlement of the Harrison case and the satisfaction executed by the plaintiff therein as a defense, and also raises the claim that the " changed relations of the parties and conditions under which the undertaking was given by these defendants are such that they were released from all liability under said undertaking. Furthermore, that the undertaking was given solely to the said Leonora Harrison who did on or about May 14, 1925, the date when the satisfaction of the judgment was executed, release and discharge these defendants from said undertaking; "

and it sets up that "the plaintiff herein never had any title to said undertaking and has no legal capacity to sue thereon." Plaintiff has moved for a judgment, and the defendants have made a cross-motion; and the matter thus comes before me for decision.

It is to be kept in mind that the settlement between the Harrisons was made entirely without this plaintiff's knowledge or consent, and with an utter disregard of his rights in the premises. That he had some rights in the premises cannot be doubted; and the courts seem to have shown a growing inclination to protect those rights. In *Marshall* v. *Meech* (51 N. Y. 140, 143) it was said that the judgment itself is notice of the attorney's lien, at least to the extent of the taxed costs, and that the judgment debtor pays those costs to the party at his peril. It was also said that if the attorney claimed any interest beyond costs under an agreement with his client, his lien for that can be protected against payment to his client only by notice to the judgment debtor. But in the later case of *Matter of Regan* (167 N. Y. 338, 343) the same court said: "An attorney who has procured for his client a judgment or decree has a lien upon the same for his compensation, and this lien is not confined to mere taxable costs * * *." The court has power to protect it by vacating the satisfaction of the decree made in disregard of his rights. "There is power to protect the lien of an attorney upon the judgment or decree quite independent of any question of actual fraud or collusion. The power may be exercised in the interest of fairness and justice." In order to warrant the court in disregarding a settlement and release between parties, it must be shown that to give it effect will operate as a fraud upon the attorney, or to his prejudice by turning the costs over to an irresponsible client. (*Poole* v. *Belcha*, 131 N. Y. 200, 203.) While the existence of the attorney's lien does not confer a right on him to stand in the way of a settlement of the action which is desired by the parties, *if it does not prejudice any right of the attorney*, the client is not bound to continue the litigation for the benefit of his attorneys. (*Lee* v. *V. O. Co.*, 126 N. Y. 579, 587.) While the foregoing is undoubtedly the law, nevertheless it has been held that where a settlement is made in fraud or disregard of the attorney's rights, the latter will be protected by the court, and it even may direct the suit to proceed for his benefit. (*Frear* v. *Lewis*, 201 App. Div. 660.)

There can be no doubt but that the plaintiff's rights have been entirely disregarded; and because of that the Supreme Court has set aside to the extent of the amount of his claim the satisfaction of the judgment in the Harrison case. He has, therefore, brought this action, claiming that both the parties to the Harrison action

are insolvent, and that defendants are liable to him upon their bond.

It is probably true that Harrison, the judgment debtor, was legally bound to consider and conserve the rights of his wife's attorney; and that any payment or settlement made in disregard of those rights was made at his own peril. (See *Matter of Regan*, 167 N. Y. 338, where at p. 343, Judge O'Brien says: " It must be regarded as settled law in this State that an attorney who has procured for his client a judgment or decree has a lien upon the same for his compensation, and this lien is not confined to mere taxable costs but to such sum as he is entitled to receive under his retainer or under an agreement expressed or implied." See, also, *Oishei* v. *Metropolitan St. R. Co., No. 1*, 110 App. Div. 709.) In the latter case the court declared that an attorney is not obliged to proceed against his client first, but may sue both his client (the plaintiff) and the defendant. (See, also, *Baxter* v. *Connor*, 119 App. Div. 450, in which the court stated that the decisions establishing a client's right to settle with his adversary have little or no application to cases of settlement *privately effected after judgment*.)

But the right of this plaintiff to maintain an action against these defendants is very earnestly attacked by their attorney herein, principally upon the ground that there is no " privity of contract " between his clients and this plaintiff. This brings up what I regard as perhaps the most serious point in this case. It is true that the appeal bond was not in form given to this plaintiff nor did his name appear therein; but I am not prepared to decide that, at least indirectly, it was not given for his benefit. " Privity of contract " may, I think, involve more than the mere question of whether or not somebody's name may appear in a writing. In this case the appeal bond, which as Schedule A is made a part of the complaint, was in the usual form, really in the form of an undertaking, and does not run to anybody in particular. Among other things, its concluding paragraph is to the effect that the sureties " also undertake that if the judgment so appealed from, or any part thereof, is affirmed, or said appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment or the part thereof as to which it shall be affirmed." This bond was doubtless executed at the instance and for the benefit of the defendant Harrison, and for the purpose of preventing his wife, the plaintiff, through her attorney, the plaintiff in this action, from collecting the judgment which had been awarded against him. I repeat that the bond did not in form run to her alone, or to her at all, and I think it should be held to redound to the benefit of any one interested in that situation, that is, in the

collection of that particular judgment. The bondsmen made it impossible to collect that judgment then; and in order to do so they agreed, generally, that if it was affirmed in whole or in part, they would pay the judgment. The case is, therefore, to be differentiated from those cases in which a bond or undertaking runs to some particular person as in the case of *Leary* v. *New York Central R. R. Co.* (212 App. Div. 689). To hold otherwise would be' to rob the attorney of any protection he has, and any right which he has, in a judgment which he has obtained by his efforts, in every case in which an appeal is taken.

There is not much authority, apparently, to be found upon the point in question; but neither do I find any case very definitely holding against plaintiff's procedure, although numerous cases ·are cited by the defendants. Among them is that of *Eastern Steel Co.* v. *Globe Ind. Co.* (185 App. Div. 695), a ·case in which a bond was given by a contractor to the city of New York as security against loss arising out of the prosecution of the work. The suit was brought by the materialmen against the bonding company, and it was held that there was no privity of contract, not merely because the bond ran to the city of New York only, but " in order for this bond to be enforcible against the surety it would be necessary for the city to be under some duty or obligation to the materialmen," and the court held that it was under no such duty. In the case at bar, defendant Harrison had a position corresponding to that of the city of New York, and he had at the time the bond was given a " duty to plaintiff and his client " (who .stood in the position of materialmen), viz.: He (Harrison) had a duty or obligation to pay the judgment of which payment this plaintiff would have received a share. The case is also unlike *Ward* v. *Donovan* (202 App. Div. 65), cited by defendants. In that case plaintiff brought his action to foreclose his lien upon " Donovan's cause of action " (p. 67). No such procedure is available in this case because both the cause of action and the resulting judgment have been killed by the settlement which was at the very least a constructive fraud upon this plaintiff; and was made with an utter disregard of his rights. What *should* have been done is clearly indicated in the case we are considering (at p. 68) where the court said: " It was the duty of the defendants in the Donovan action to retain such a portion of the settlement as was necessary to satisfy the attorney's lien and payment in full to the client would have been made at the risk of having to pay a second time to the attorney the amount to which he was entitled." In the case at bar there is nothing to foreclose a lien upon, and nothing to which plaintiff's lien or claim can attach and from which it may

be collected save only the bondsmen on the appeal bond. Another case along the same line is that of *Village of Argyle* v. *Plunkett* (226 N. Y. 306) in which the basic ground for the decision is that the judgment which the village had obtained against the surety company upon a contractor's bond was founded upon unpaid bills of the contractor, which the village *had not paid and did not have to pay,* and, therefore, " the respondent [plaintiff] has no personal interest in these unpaid claims " (p. 311). There was, therefore, in that case no " privity of contract," because the bond did not run to unpaid creditors, nor was the village in any way responsible to them, a situation radically different from that in the case at bar.

*Knickerbocker Investment Co.* v. *Voorhees* (128 App. Div. 639) would seem an authority in favor of the plaintiff herein, at very least to the extent of holding his claim against the sureties valid to the extent of his costs included in the judgment. It is true that two of the judges dissented as to reinstating the bond, declaring that the attorneys had no lien upon the undertaking. Nobody was claiming that they did have a lien; but the majority of the court apparently decides that they *did have a cause of action* against the sureties on the appeal bond, which is all that is claimed here.

I believe that justice in this case requires a holding that there was a " privity of contract " between the bondsmen and the attorney for the plaintiff, when they, at the instance of the defendant Harrison, put their bond in the way as an obstacle to prevent the plaintiff herein from collecting the judgment in the Harrison case, in which he had a very substantial and very definite interest.

The situation is not unlike that with reference to which the court said in the case of *Potter* v. *Van Vranken* (36 N. Y. 619, 630): " The substance and effect of the defendants' engagement was to pay such sum as might, for any cause, be recovered against the defendants in the action. This clearly means either the defendants, personally, or those who might lawfully represent them in the action, at the time judgment was obtained. Any other construction would render almost worthless the numerous undertakings given upon orders to discharge from arrest, upon injunctions issued in replevin suits, both by plaintiff and defendants, *and upon appeals.*" And also this view is fortified by the dictum in *Christal* v. *Kelly* (88 N. Y. 285, 292) where the court said: " If the plaintiffs could have proceeded against the property, in case the undertaking had not been given, it seems to follow that they can proceed against the sureties, who have substituted their obligation in place of it."

Many of the somewhat numerous arguments raised by the defendants seem to me to be entirely untenable. For instance, the claim is made that the presenting of this claim by this plaintiff

amounts to an alteration or modification of the appeal bond obligation, and they cite *American Casualty Ins. Co.* v. *Green* (70 App. Div. 267) and *Foo Long* v. *A. S. Co.* (146 N. Y. 251) and many other cases to the effect that any change in the obligation or the terms of the obligation under which the sureties have become such, releases them. This is unquestioned law; but I am compelled to believe it has no application in this case for the simple reason that there has been no change or alteration in the contract except the pretended settlement between the parties to the original suit which, as already stated, was at least a constructive fraud upon this plaintiff; and I think his rights ought not to be defeated by the machinations of his client or her erstwhile husband, the defendant in her action.

In the same category is the claim " that the only action plaintiff could maintain is in equity to foreclose his lien, in which the Harrisons are necessary parties." As above indicated, there is nothing to foreclose a lien upon and no basis that I can see for an action in equity. Apparently, and this seems very clear, if the plaintiff has any remedy at all, it is an action at law against the two sureties. All other avenues are closed to him. It would be the height of futility for him to bring " an action in equity " to enforce his lien on whatever was paid to satisfy the judgment, because, in the first place, it is pretty clear that *nothing* was paid to satisfy the judgment, and secondly, if anything *was paid* it appears that both the payer and payee are insolvent. At least he alleges in his complaint that his erstwhile client, Mrs. Harrison, " is insolvent and has no money or property out of which the petitioner could collect for his services, and it would be futile to proceed against her." He also alleges in his complaint that an execution has already been issued against Harrison and returned unsatisfied. While these allegations may not be admitted by the answer, I think they are to be deemed to be admitted, in view of defendants' cross-motion for judgment on the pleadings. (*Crown Corset Co.* v. *Baumann & Co.*, 213 App. Div. 113.)

I think the matters set up in defendants' answer do not constitute a defense to this action, and that the plaintiff is entitled to judgment on the pleadings. In considering this case I have not taken into consideration certain affidavits filed by the plaintiff, as I believe the motion should be considered entirely upon the pleadings. (Rules of Civil Practice, rule 112; *Welch* v. *City of Niagara Falls*, 210 App. Div. 170, 174.)

Judgment is, therefore, ordered for the plaintiff for the amount demanded in his complaint.