BANKERS TRUST COMPANY, as Trustee under the Will of OLIVER S. CARTER, Deceased, Plaintiff, *v.* CONRAD BERENS et al., Defendants.

Supreme Court, Special Term, New York County, April 29, 1943.

*Casimir J. F. Patrick* for plaintiff.

*Robert J. Sykes* for Conrad Berens, defendant.

*J. Alvin Van Bergh* and *David S. Edgar, Jr.,* for Andrea P. Cowdin, defendant.

DINEEN, J. Plaintiff moves for judgment on the pleadings. Separate motions are made against each of the defendants but they must be consolidated and considered together, for reasons which will appear in the discussion of the case.

The action is for a declaratory judgment and consequential relief. Defendants, formerly husband and wife, entered into an agreement with plaintiff by the terms of which the time of payment of certain bonds, secured by mortgages, was extended and defendants promised to pay the principal sum, with interest, and to pay accruing taxes. Interest has accrued and is unpaid and plaintiff has paid certain taxes which defendants failed to pay. Plaintiff asks a declaratory judgment that it is entitled to recover the accrued interest and taxes without forfeiture of its right to sue for the principal debt later, either in an action at law or in an action to foreclose the mortgage, and upon such declaration being made it asks judgment for the unpaid interest and for the taxes paid.

The defendants have answered separately and the defendant Cowdin has pleaded an equitable counterclaim against plaintiff and defendant Berens, in which she alleges that she executed the extension agreement solely for the accommodation of the defendant Berens and at the request of plaintiff and of Berens for such accommodation; that the debt was the debt of Berens, as plaintiff well knew, and the mortgaged property was his. She asks a declaratory judgment that plaintiff should be restrained from prosecuting any claim against her until it has exhausted its remedies against the mortgaged property and against Berens, and that it should be required to institute and prosecute such remedies without delay. She offers to submit to such terms and conditions as may be reasonable to secure plaintiff in the event that the relief she asks be granted.

Both plaintiff and defendant Berens have replied to the counterclaim and have denied, among other things, that defendant Cowdin executed the extension agreement for accommodation of her codefendant.

By moving for judgment on the pleadings plaintiff has, necessarily, for the purposes of its motion, abandoned its reply and has admitted all the allegations of the counterclaim. But the defendant Berens is in a different position. He has made no

motion and his reply must be given full effect in deciding any motion on the pleadings. Plaintiff urges that it is entitled, in any event, to judgment on the pleadings against Berens, but his counsel properly objects that he should not be held severally liable on what is *prima facie* a joint obligation and that since he has denied any relationship of principal and surety between the two defendants judgment on the pleadings can be granted, if at all, only against both defendants.

Unless, therefore, it can be held that, as matter of law, the counterclaim of defendant Cowdin is insufficient on its face, so that judgment may be awarded against both defendants, the motions for judgment must be denied as to both. It is because of this situation that it is necessary to consolidate the two motions and consider them together.

If both defendants were principal debtors plaintiff would be entitled to the relief it seeks (*Bank of New York* v. *Blumenthal,* 285 N. Y. 598) but upon the facts pleaded by defendant Cowdin she must be held to be a surety for her codefendant. (*Fischer* v. *Mahland,* 191 App. Div. 209.)

On plaintiff's motion for judgment on the pleadings it is unnecessary to decide precisely what relief defendant Cowdin may ultimately become entitled to against the other parties to the action if she establishes her claim that she is a surety. She may have asked greater or different relief than should be awarded her, but that she has stated a case for some relief seems apparent. (See *King* v. *Baldwin,* 17 Johns. 384; *Hayes* v. *Ward,* 4 Johns. Ch. 123; *Wright* v. *Austin,* 56 Barb. 13, 17; *Smith* v. *First National Bank,* 151 App. Div. 317; *Thompson* v. *Taylor,* 72 N. Y. 32, 34; *Thomas on Mortgages* [3d ed.] § 760.) On the present motion, where she must be regarded as a surety, it is only necessary to decide that equity will not permit her to be sued at law for interest and taxes when plaintiff is at liberty to bring an action to foreclose the mortgage. In such an action plaintiff may be able to satisfy its claim from the proceeds of sale of the mortgaged property and so exonerate the surety from liability. If foreclosure is delayed, the value of the property, as well as the financial responsibility of the principal debtor, may deteriorate.

For the reasons stated plaintiff's motions must be denied.

Defendant Cowdin suggests in her brief that if plaintiff's motion for judgment against her is denied, she should have judgment on the pleadings against plaintiff under rule 112. But any judgment in her favor must rest on a finding that she acted as surety for her husband. On the pleadings her claim of

suretyship is in dispute. It is denied in the replies of both the plaintiff and the codefendant. While, for the purposes of its own motion, plaintiff must be deemed to have admitted the facts pleaded in defendant Cowdin's answer and so to have abandoned the denials contained in its reply, there has been no such admission or abandonment as against a motion by defendant for judgment. Her application is accordingly denied.