THOMPSON v. BONNER et al.
(two cases).

Nos. 32791, 32792. Dec. 14, 1948.

Rehearing Denied Feb. 8, 1949.

202 P. 2d 699.

Roy F. Lewis, of Oklahoma City, for plaintiff in error.

H. A. Ledbetter, of Ardmore, for defendants in error.

WELCH, J. Two cases have been brought here on appeal and the circumstances are such that the cases will be considered as consolidated.

T. G. Thompson commenced action (No. 18210 in district court, No. 32791 here) against W. M. Bonner and H. A.

Ledbetter for possession of real estate and to quiet title. In his petition plaintiff alleged ownership and right to possession of the described real estate by virtue of a certificate tax deed. The petition exhibits a copy of the deed which reflects that it was issued pursuant to a certain tax sale certificate. He alleged that defendants were in possession under a claim of ownership without merit. The defendants filed answers to the petition admitting possession and asserting ownership by virtue of a deed from county commissioners based upon a tax resale of the property, which sale was held after issuance of the certificate and prior to the issuance of the plaintiff's certificate tax deed.

Thereafter, the county attorney, in the name of the state and for the use of the county, commenced action (No. 32809 in district court, No. 32792 here) to cancel a commissioner's deed describing the same premises. This deed, as shown by the pleadings, was issued at a later date and after a later resale than the resale, tax sale certificate, certificate deed, resale deed and commissioners' deed mentioned in the pleadings in the action commenced by Thompson. In this latter action W. M. Bonner, H. A. Ledbetter, Lelia Ledbetter, R. L. Bowman, and T. G. Thompson were named as defendants. Thompson was not served with summons and made no appearance. Issues were joined upon answers of the other named defendants. Thereafter judgment was entered in favor of the answering defendants quieting title as against the county. After the entry of judgment, H. A. Ledbetter, Lelia Ledbetter, and W. M. Bonner filed a cross-petition seeking to quiet title as against Thompson and caused summons to be issued and served upon Thompson. Thompson filed answer to the cross-petition of the codefendants and filed a cross-petition against the said codefendants. He alleged ownership and right to possession and set up the certificate deed as in his petitions in the pending case first above mentioned. He further alleged that all commissioners' deeds asserted in support of claims of title by defendants were void "for the reason that at the resale of said land the same was sold for a sum in excess of the amount of taxes, interest, penalty and costs legally chargeable against said land, and for further reason that the notices by publication of such tax resales were not published for the time and in the manner required by law."

These cases were consolidated in the trial court. Thereafter T. G. Thompson, plaintiff in the first case mentioned and defendant and cross-petitioner in the second case, filed a motion for judgment on the pleadings. W. M. Bonner and H. A. Ledbetter, defendants in the first case and the same parties and Lelia Ledbetter, cross-petitioners and defendants in the second case, orally moved for judgment in their behalf on the pleadings. The trial court after hearing argument and after examination of the pleadings overruled the Thompson motion and sustained the motion of the other named parties and entered judgment quieting title as against Thompson.

Thompson brings appeal.

The same assignments of error appear in both cases. Plaintiff in error, Thompson, asserts that the pleadings present an issue of fact material to a determination of the rights of the parties and the court erred in sustaining motion for judgment on the pleadings.

As above noted, in the first case mentioned herein, Thompson pleaded that he was the owner and had a right to possession of the premises and that defendants were in possession without right. He attached to his petition a copy of a certificate deed, regular on its face and purporting to vest a virgin title in him at a date prior to the institution of the action. He prayed for possession and for judgment quieting title. His cross-petition in the second case in substance set up the same

state of facts in reference to title and right to possession. The pleadings in the first case presented facts which if established would unquestionably entitle him to relief.

The rule applicable to the motion for judgment herein sustained by the trial court is stated in the syllabus of Lyons et al. v. Lyons et al., 182 Okla. 108, 76 P. 2d 887, as follows:

"A motion for judgment on the pleadings admits, for the purpose of the motion, the truth of all facts well pleaded by the opposing party together with all fair inferences to be drawn therefrom.

"A motion for judgment on the pleadings cannot be sustained where there are issues of fact to be determined."

The answer of the defendants in the first case, defendants in error herein, and the answer and cross-petition of the defendants, defendants in error herein in the second case, wherein judgment quieting title as against Thompson is sought, plead and exhibit resale deeds and commissioners' deeds reflecting resale of the land at a time subsequent to the issuance of the tax sale certificate upon which Thompson's certificate deed was issued and prior to the issuance of said certificate deed, thus pleading a state of facts showing cancellation of the tax sale certificate and rendering the deed issued thereon a nullity. The pleadings show later resales of the land and issuance of county commissioners' deeds in which defendants in error were successive grantees.

It is apparent that Thompson's answer pleading ownership under the certificate deed exhibited, if standing alone as against the allegations in reference to resale, might be demurrable and the motion of defendants in error for judgment on the pleadings might be well taken, but as above noted in this second case, Thompson in addition to his pleading of a claim of ownership and right to possession further alleged the facts to be that the resales were for sums exceeding the amount of taxes, etc., legally chargeable against the

land and that the notices of resale were not published for the time and in the manner required by law. Under such state of facts resale proceeding and deeds issued thereon would be void and of no effect. Welborn et al. v. Whitney et al., 190 Okla. 630, 126 P. 2d 263; Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; House v. Mainka, 196 Okla. 174, 163 P. 2d 225.

Thompson's pleading in this second case, as in the first case, states a cause of action except for the existence of facts in reference to resales as alleged in the pleadings of the opposing parties. His further pleading in this second case, attacking the resales, presents issues of fact to be determined and the motion of the opposing parties for judgment on the pleadings should have been denied.

The defendants in error assert that if there were issues of fact disclosed by the pleadings Thompson waived such issues when he filed his motion for judgment on the pleadings and when he made no offer of evidence at the hearing on the motions. Attention is directed to an expression of opinion by the trial court after an argument by the parties on their motions. The trial court expressed an opinion to the effect that since both sides had moved for judgment on the pleadings, the case could be best disposed of by rulings thereon and that it would not be necessary to overrule the motions and hear evidence, and inquired if any of the parties had anything else to present. The record notes further argument thereafter but does not set forth the substance of any expression by the parties thereafter except that after the trial court expressed a ruling and judgment in favor of the defendants in error, counsel for Thompson stated his exception thereto.

The record does not show a statement to the court by the parties specifically waiving the issues of facts presented by their pleadings. Obviously, the inquiry by the trial court in the course of the arguments on the mo-

tions was no more than an invitation to the parties to present further argument and the presentation of further argument by the parties cannot be said to be such silence, act and conduct as to amount to a waiver of the issues of facts presented by their pleadings.

In Southern Surety Co. v. Williams, 83 Okla. 171, 201 P. 244, in the syllabus it was said:

"Where the answer of the defendants raises an issue of fact and both plaintiff and defendant move for judgment on the pleadings, it is error for the court to grant the plaintiff's petition.

"The defendant by presenting a motion for judgment on the pleadings does not thereby waive the right to have an issue of fact set out in his answer tried to a jury."

The case of Whipps v. Kling Bros. & Co., 182 Okla. 382, 78 P. 2d 291, is cited wherein, in the second paragraph of the syllabus, it was said:

"Where plaintiff moves for judgment on pleadings and defendant's attorney enters a motion for judgment for the defendant and states to the court that there is nothing but a question of law involved, he thereby waives issue of facts and it is not error for the trial court to render judgment for plaintiff where the same is justified by the pleadings."

In the body of the opinion it is pointed out that the circumstances in the case were such that defendant's statement to the court that there was nothing but a question of law involved constituted a waiver of the issues of fact raised by his answer. The rule announced in the first paragraph of the syllabus is as follows:

"Motion for judgment on the pleadings presents two questions to the court: (a) Is there a material issue of fact under the pleadings? (b) Which party is entitled to judgment? If the first question can be answered in the negative, the trial court can properly pronounce judgment on the merits for one of the parties."

Herein the first question in the above quoted cannot be answered in the negative. The mere fact 'that both parties moved for judgment on the pleadings does not in itself constitute a waiver of issues of fact tendered by the pleadings. Southern Surety Co. v. Willaims, supra.

For the reasons stated, the judgments appealed from and as made and entered in district court case No. 18210, No. 32791 herein; and in district court case No. 25809, No. 32792 herein, are reversed and the cases are remanded, with directions that motions for judgment on the pleadings filed by W. M. Bonner, H. A. Ledbetter and Lelia Ledbetter, defendants in error herein, be overruled.

HURST, C.J., DAVISON, V.C.J., and BAYLESS and CORN, JJ., concur. ARNOLD, J., dissents. LUTTRELL, J., concurs in conclusion.