**68**

MARY M. DAVIDEK,

*Plaintiff and Appellant,*

vs.

WYOMING INVESTMENT COMPANY, P E R C Y SPATZ, EVA E. SPATZ, and C. H. WUNNICKE d/b/a Mountain Motors, and MOUNTAIN MOTORS, BESSIE J. WUNNICKE, C. J. LESLIE, as Administrator with the Will annexed of the Estate of Charles H. Wunnicke, Deceased,

*Defendants and Respondents.*

(No. 2699; January 4th, 1956; 291 Pac. (2d) 1072)

For the plaintiff and appellant, the cause was submitted upon the brief of Oliver W. Weber of Boulder, Colorado, and J. J. Hickey of Cheyenne, Wyoming, and oral argument by Mr. Weber.

For the defendants and respondents, the cause was submitted upon the brief and also oral argument of Ray E. Lee of Cheyenne, Wyoming.

## OPINION

Harnsberger, Justice.

Mary M. Davidek, plaintiff, instituted her action in ejectment and to cancel deeds which conveyed two adjoining lots in the city of Cheyenne against defendants, Wyoming Investment Company, Percy Spatz, Eva E. Spatz, C. H. Wunnicke, doing business as Mountain Motors, and Mountain Motors. After other pleadings and interlocutory orders, plaintiff filed an amended petition to which defendants made answer. Thereupon plaintiff filed her motion for judgment on the pleadings and defendants filed their motion for judgment upon the ground that the amended petition failed to state facts sufficient to constitute a cause of action. Considering these motions, the court found the amended petition failed to state facts sufficient to constitute a cause of action, sustained defendants' motion, and gave judgment that plaintiff take nothing by her petition. It is from this judgment that plaintiff appeals.

Omitting the caption, description of the property and the prayer, the amended petition is as follows:

"Comes now the plaintiff, Mary M. Davidek, and for cause of complaint alleges that she is the owner of and entitled to the possession of the following described real property, to-wit:

\*     \*     \*     \*     \*

"II. That the said Plaintiff is next of kin and the only surviving heir at law of the late Elizabeth Goldacker, who died intestate, March 13th, 1948, or thereabout,

at Cheyenne, Wyoming, and, the late Lillian Brunstrom, mother of Plaintiff, who died intestate at the Wyoming State Hospital, on the 8th day of September, 1951, the said decedents being at the time of decease tenants in common or fee simple owners of the above described property.

"III. That the said Lillian Brunstrom and the said Elizabeth Goldacker were the sole heirs at law of Ellen Goldacker, who died allegedly intestate at Cheyenne, Wyoming, May 28, 1920, and, was the fee simple owner of the hereinbefore described property at the time of her decease on said date, and that at the time of her said death a law enacted at the time of statehood governed notices and citations in cases of probate of wills, being Section 6687, providing *Notice to Heirs* and reading as follows:

" '6687—Notice to Heirs: Copies of the notice of the time for the probate of the will must be addressed to the heirs of the testator resident in the state, at their places of residence, if known to the petitioner, and deposited in the post office, with the postage thereon prepaid, at least ten days before the hearing. If their places of residence be not known, the copies may be addressed to them and deposited in the post office at the County seat of the County where the proceedings are pending. A copy of the same notice must in like manner be mailed to the person named as executor, if he be not the petitioner; also, to any person named as co-executor, not petitioning, if their places of residence be known. Proof of mailing the copies of the notice must be made at the hearing. Personal service of the notice at least ten days before the day of hearing is equivalent to mailing.'

"IV. That a petition for letters Testamentary, filed in the District Court of Laramie County, Wyoming, on or about November 24, 1920, by Elizabeth Goldacker and, recorded in Probate Docket 4, Page 443, of said County, stated that the said Lillian Brunstrom was an heir at law of Ellen Goldacker, the testator of the will thereby offered for probate.

"That said petition and other probate records of Wyoming, disclose the fact that the said Elizabeth Goldacker who was a sister of the said Lillian Brunstrom, should have known, what was a fact, that the

said Lillian Brunstrom was an incompetent and a patient of the Wyoming State Hospital and other records of her commitment show that said petitioner knew of her commitment and presence in that institution, but the said petitioner stated in her said petition for letters that she did not know whether Lillian Brunstrom, said her at law, was at that time alive.

"That it appears from said record in Probate No. 4—443 in this court in the matter of the Estate of Ellen Goldacker, Deceased, that the deceased Elizabeth Goldacked, aunt of this petitioner, then allegedly was acting as the executrix of the will of the said Ellen Goldacker had thereafter represented to this court then sitting in probate, that the said Elizabeth Goldacker was the sole heir at law of the said Ellen Goldacker and therefrom it appeared to the court that no such notice to heirs as is outlined in Paragraph III of this petition was necessary because of non-existence of heirs to be notified, that it appears in said record that their existence and residence within the state was not only a fact but such fact was known to said petitioner at the time, and, such was a fraud upon the court and the rights of the heirs of said estate and the plaintiff in this suit, and, thereby the said heirs were prevented from having their day in court.

"V. That the probate aforesaid was completed without any attempt of any kind being made to notify said incompetent or her lawful guardians, or, the institution in which she was at the time confined, as was then required by law to be done; that no attempt was made to ascertain the whereabouts of said incompetent, and, no copies of the notice of the time for said probate were addressed to or deposited in the post office at Cheyenne, Wyoming, where the proceedings to probate were then pending; and, that due to such total failure of notice and a petition wholly contrary to the facts regarding the status of said incompetent, in the probate of the will of the said Ellen Goldacker which was admitted to probate on March 18, 1921, no conveyance of title to the hereinbefore described property was thereby made; and, at the time of her death on March 13, 1948, the said petitioner, Elizabeth Goldacker and said incompetent, Lillian Brunstrom, were owners of the fee simple title of said property as co-tenants and, the

hereinafter described deed of Elizabeth Goldacker to Eva E. Spatz did not convey their joint interest in said property.

"VI. That upon the second day of August, 1932, the said Elizabeth Goldacker entered into a written contract with one Fred Carlson, since deceased, whereby the said Fred Carlson or his successors were to pay to her in installments the sum of Twenty Dollars per month toward the purchase of the hereinbefore described property, and upon her death he would receive a deed then placed in escrow with the Stock Growers National Bank of Cheyenne, Wyoming, conveying full title to the said premises; provided, however, that all amounts due for rent, taxes, water rents and light bills, would be kept paid by the said Fred Carlson or his successors in interest at all times, and, said property would be kept free and clear of liens of every kind whatsoever, and on said second day of August. 1932, said Fred Carlson also assigned his rights in said contract to one Eva E. Spatz.

"VII. That the said Fred Carlson and Elizabeth Goldacker had executed a written lease prior to the aforementioned contract, to-wit on the 1st day of October, 1931, on the said property, which was for a term of ten years, and, provided for a rental of $40.00 per month which was the current rental due from the said Fred Carlson to said Elizabeth Goldacker when the aforesaid contract was made and was payable in addition to the $20.00 monthly payments then provided in said contract.

"That after August 2, 1932, defendants ignored the aforesaid lease and none or a very small part of said rentals were paid by the said Fred Carlson or his successors in interest; that the said Eva E. Spatz and, other successors in interest of the said Fred Carlson, wholly failed to pay the taxes lawfully assessed against said property and it was necessary for the said Elizabeth Goldacker to pay such taxes; that on or about November 18, 1935, and thereafter the said Elizabeth Goldacker demanded of the defendants that they return to her all of her papers, including the aforesaid contract and the aforesaid deed, then in escrow at the Stock Growers National Bank, but was unable to procure the return of the same from the said bank, or

Eva Spatz, or any of the defendants during her lifetime.
"VIII.  That at the time of signing of said contract
of August 2, 1932, the said grantor, Elizabeth Gold-
acker, intended that the said contract would be with
Fred Carlson only, and, that the said Fred Carlson
would continue to pay her the rental of forty dollars
per month as he had done before and as was provided
by their aforesaid lease, but upon the same date, con-
trary to her intentions the defendants obtained a trans-
fer of his interest in said contracts, and a supposed
release of his obligations thereunder, by his assignment
of said contract to the said Eva E. Spatz, who was not
at that time a responslble party; and, thereafter on
April 13th, 1937, the said Eva E. Spatz and Percy
Spatz, defendants, executed a quit claim deed of their
alleged interest in said property to the Wyoming In-
vestment Company, defendant, which is now in pos-
session of said property through its tenants, the said
defendants C. M. Wunnicke and Mountain Motors;
their said quit claim deed being recorded as of the
aforesaid date in Book 328, at Page 294 of the Office
of the Clerk and Ex-Officio Register of Deeds of Lar-
amie County, Wyoming.

"IX.  That upon the decease of the said Elizabeth
Goldacker on March 13, 1948, by means of and by
following the aforesaid machinations of the defendants,
the warranty deed of the said deceased was delivered
to the Wyoming Investment Company by the Stock
Growers National Bank, and, was recorded on March
17, 1948, in the Office of the County Clerk and Ex-
Officio Recorder of Laramie County, Wyoming, in
Book 446 at Pages 104 and 105 of said records.

"X.  That prior to the aforesaid recording and by
means of and following the aforesaid machinations of
the said defendants the name of the said Eva E. Spatz
was interpolated as grantee in said deed of August 2nd,
1932, contrary to the intentions of the grantor Eliza-
beth G. Goldacker, before its pretended delivery to the
Wyoming Investment Company; that she discovered
the switch to irresponsible parties and on August 23,
1935, thereafter, and, on November 18, 1935, she pro-
tested its delivery to said defendants, in writing, re-
peatedly, and, repeatedly refused the $20.00 payments,
provided for in said contract of August 2, 1932, and,

demanded of said Percy Spatz and Eva E. Spatz, in writing, that they return said contract, and, said deed, of date of August 2, 1932, which neither they nor any of defendants thereafter would do.

"XI. That the aforesaid property was in March, 1948, a very valuable property, being then of the value of Twenty Thousand Dollars or more and for which defendants now have paid a relatively small consideration, that is to say, probably not more than four thousand dollars.

"XII. That the fraudulent conduct of the defendants both before the death and since the death of the said Elizabeth Goldacker consisted in their having misrepresented to her matters known to them not to be as represented, and, upon which representations she relied, and, that were discovered after such reliance by her, to be false, and, were misrepresentations and wholly false, whereby she was induced to entrust to their possession a deed which they recorded after her death without right, after a pretended delivery was made by mere agent whose authority had long been repudiated and had totally expired upon her decease; and, this plaintiff as her lawful heir now claims her right as such heir to rescind, cancel and hold for naught; and, of this fraud the plaintiff was not apprised and had not sufficient knowledge and made no discovery prior to about three or four months before this suit was brought, that is to say on or about June 1, 1951."

Defendants' answer admitted: Ellen Goldacker was the fee simple owner of the property at the time of her decease; the statute was as pleaded; a petition for letters testamentary filed by Elizabeth Goldacker stated Lillian Brunstrom was an heir at law of Ellen Goldacker, the testator in the will so offered for probate; the will was admitted to probate March 18, 1921; Elizabeth Goldacker, on August 2,1932, entered into written contract with Fred Carlson whereby Carlson or his successors were to pay Elizabeth Goldacker twenty dollars per month toward the purchase of the property and Carlson was to pay all amounts due for rent, taxes, water rents

and light bills and keep the property free and clear of liens of every kind whatsoever, Carlson to receive a deed for the property upon the death of Elizabeth Goldacker, such a deed being then placed in escrow; Carlson assigned his rights in the contract to Eva E. Spatz; Eva E. Spatz and Percy Spatz executed a quitclaim deed for the property to the Wyoming Investment Company; that deed was recorded; and the deed of Elizabeth Goldacker was delivered by the escrow party to the Wyoming Investment Company and it was also recorded.

Perhaps by pure oversight defendants left unanswered the whole of paragraph seven of the amended petition but for the purpose of the motions those allegations must also be considered admitted. Crown Corset Co. v. C. Ludwig Baumann & Co., 213 App. Div. 113, 210 N.Y.S. 60, affirmed 241 N.Y. 606, 150 N.E. 574. In substance this paragraph alleged there had been executed a lease dated October 1931 wherein Elizabeth Goldacker leased the property to Fred Carlson for a term of ten years at a rental of forty dollars per month. The plaintiff did plead her conclusion that this forty dollars rental was payable in addition to the twenty dollars payment provided by the purchase contract of August 2, 1932. This conclusion will be disregarded. The remaining allegations of the amended petition were denied by the answer.

Both sides have made reference and devoted must of their briefs to matters appearing in earlier pleadings and their attached exhibits. This was obviously done on the mistaken assumption that these were to be considered in deciding their respective motions. However, the correctness of the judgment rendered must be determined solely from the amended petition and defendants' answer thereto. This leaves out of our consideration the will of Ellen Goldacker, its probate and any devise of the property with which we are con-

cerned that may have been provided for by the will. While it has been said that a motion for judgment on the pleadings is designed to provoke a search of the pleadings, this does not mean that a search is to be made of earlier pleadings which have been superseded and supplanted by amended pleadings unless, perhaps, such former pleadings are incorporated in the latter by proper reference. See 71 C.J.S. 863.

Before proceeding further, it might be well to discuss certain matters deemed pertinent and applicable with regard to the motions made by the parties.

It is said that where both parties move for judgment on the pleadings, they impliedly concede there is no issue of fact. 71 C.J.S. 895, citing State ex rel. Reiman v. Kimmell, 212 Ind. 639, 10 N.E. 2d 911, and Bank of New York v. Shillito, 14 N.Y.S. 2d 458. The Indiana case does not fairly support the text because instead of holding the movents impliedly conceded there was no question of fact the decision said that by a statute of that State the movents were required to abide by procedure invoked by their representations that the only question presented was one of law.

Cases cited by State ex rel. Reiman v. Kimmell, supra, are: Rabenstein v. Morehouse, 128 Misc. 385, 219 N.Y.S. 560, affirmed 220 A.D. 745, 221 N.Y.S. 891, which does not even touch upon the point; Crown Corset Co. v. C. Ludwig Baumann & Co., 213 App. Div. 113, 210 N.Y.S. 60, affirmed 241 N.Y. 606, 150 N.E. 574, which does support the text but gives no authority; Leahy v. Mercantile Trust Co., 296 Mo. 561, 247 S.W. 396, which fails to support the text but the court did say the defendant was entitled to judgment if either (1) the petition failed to state a cause of action or (2) the answer stated a defense—this seems to mean that plaintiff, by moving for judgment on the pleadings, admitted the truth of allegations in defendant's answer not merely for the purpose of plaintiff's motion

but for purposes of the defendant's motion as well; and Combs v. Farmers' High Line Canal & Reservoir Co., 38 Colo. 420, 88 P. 396, which also fails to sustain the text although after commenting that defendant's demurrer to plaintiff's replication was, by agreement of the parties, considered as a motion for judgment on the pleadings, the court observed that since no evidence was heard or offered by any of the parties and there had been a general denial of the allegations of plaintiff's petition by the defendants, the judgment dismissing the action might be affirmed upon that ground alone, evidently taking much the same view expressed in Leahy v. Mercantile Trust Co., supra.

The New York case, Bank of New York v. Shillito, 14 N.Y.S. 2d 458, 460, does state "where both parties join in a motion on the pleadings, they thereby concede that there exists no question of fact and that the issue or issues are solely questions of law" without, however, citing any authorities. In that case all the pleadings admitted all questions of fact, leaving nothing but questions of law to be considered by the court.

In 71 C.J.S. 869, it is said:

"A motion for judgment on the pleadings ordinarily is not considered to establish the truth of the allegations of the pleading of the party making the motion (Schechner v. Holmes Electric Protective Co., 254 A.D. 483, 5 N.Y.S. 2d 289) ; and, where both parties have moved for judgment on the pleadings, although each party for the purposes of his own motion must be deemed to have admitted the facts pleaded by the other party, there is not deemed to be any such admission as against the motion made by such other party." (Bankers Trust Co. v. Berens, 180 Misc. 619, 41 N.Y.S. 2d 790.) But the text then continues: "However, there is some authority to the effect that on plaintiff's motion for judgment on the pleadings where his complaint has been answered, the court must assume the truth of the allegations in both pleadings (Trico Elec. Co-op. v. Ralston, 67 Ariz. 358, 196 P.2d 470; Snyder v. Betsch, 56 Ariz. 508, 109 P.2d 613, 615), and that, where both

parties have moved for judgment on the pleadings, the allegations of the pleadings must be accepted as true (Carroll v. Equitable Life Assur. Soc. of U. S., D.C. Mo., 9 F. Supp. 223)."

(Parenthesis supplied.)

We find offered in support of the first part of the last statement only the two Arizona cases above cited, the latest of which merely cites the former and the latter citing only 49 C.J. 946 which in turn gave as its authority Smathers v. Standard Oil Co. of New York, 199 A.D. 368, 191 N.Y.S. 848, affirmed 233 N.Y. 617, 135 N.E. 942. The last named case seems to be the earliest authority suggested as advancing that view. Neither the Arizona cases nor the New York case attempt to justify the statement upon principle, by precedent, logic, or any other type of persuasive process. The explanation for its being made may lie in the fact that seemingly it was originally made in the New York case involving interpretation of an undisputed lease the meaning of which was unclear. In such a circumstance it was possible to accept as true the plaintiff's allegation setting forth the undenied lease, and at the same time take as true, allegations of the answer supporting defendant's position as to the interpretation to be given the contract. In the instant matter, however, where the answer makes positive denial of many of the allegations of plaintiff's amended petition, it is impossible to accord verity to both pleadings.

With respect to the further statement that "where both parties have moved for judgment on the pleadings, the allegations of the pleadings must be accepted as true," we again find the sole authority given (Carroll v. Equitable Life Assur. Soc. of U. S., D.C. Mo., 9 F Supp. 223) supplies neither reason nor precedent to justify it; and, therefore, we are left unconvinced of its soundness.

On the other hand, we find other jurisdictions taking the view that the mere fact that both parties move for

judgment on the pleadings does not in itself constitute a waiver of issues of fact tendered by the pleadings. 71 C.J.S. 895.

In Southern Surety Co. v. Williams, 83 Okla. 171, 201 P. 244, the court followed a previous Oklahoma decision and expressly held that where defendants· made general denial, except as to certain matters admitted, defendants had a right to have tried those issues which were raised by their denial and that this right was not waived by filing a motion for judgment on the pleadings which was denied.

In Vaughan v. Omaha Wimsett System Co., 143 Neb. 470, 9 N.W. 2d 792, it was said the effect of denying such a motion is not to entitle the other party to a judgment where the controlling averments are sufficiently denied. It would seem to follow that the denial of plaintiff's motion should not entitle the defendants to judgment where the averments of her petition are sufficient.

In Thompson v. Bonner, 201 Okla. 143, 202 P. 2d 699, the court, in holding it was error to sustain a motion for judgment on the pleadings where both parties had so moved and where there were issues of fact to be determined, rejected the contention that the filing of motions for judgment on the pleadings waived issues of fact raised by the pleadings when there was no offer of evidence made at the hearing on the motions, the Oklahoma court giving approval to its former ruling in Southern Surety Co. v. Williams, supra. To the same effect are the decisions in Patz- v. Howey, 340 Mo. 11, 100 S.W. 2d 851; Minneapolis St. Ry. Co. v. City of Minneapolis, 229 Minn. 502, 40 N.W. 2d 353; Schechner v. Holmes Protective Co., 254 A.D. 483, 5 N.Y.S. 2d 289 ;Bankers Trust Co. v. Berens, 180 Misc. 619, 41 N.Y.S. 2d 790; and numerous similar cases.

Under these circumstances, we are disposed to accept the rule "ordinarily" applied and hold that a motion for judgment on the pleadings does not establish the truth of the allegations of the pleading of the party making the motion even for the purpose of that motion although each party, for the sole purpose of his own motion, must be deemed to have admitted the facts well pleaded by the other party and that this remains true in cases where both parties have moved for judgment on the pleadings.

Having reached this conclusion it seems not illogical to also accept the further statement made in 71 C.J.S. 870 that:

"The admission of facts well pleaded by the opposite party, implied on a motion for judgment on the pleadings or its equivalent, is an admission only for the purposes of the motion, and is not an admission which establishes the facts as true. The real position of the party moving for judgment is that, if the allegations of the opposite party are true infact, they are nevertheless insufficient in law, and, as discussed infra § 448, if the motion is denied, movant is not concluded from trying any issue of fact."

### THE PLAINTIFF'S MOTION.

Generally a plaintiff's motion for judgment on the pleadings raises the question of whether the allegations of the answer, if taken as true, constitute a good defense to plaintiff's action. 71 C.J.S. 863. However, in this case, the defendants interpose no affirmative defense and therefore make no affirmative allegations. We must, therefore, inquire whether plaintiff's amended petition, stripped of those allegations which are denied by defendants' answer, would leave the amended petition stating a cause of action against the defendant, for, as stated in 71 C.J.S. 868: "The party moving for judgment on the pleadings also admits the untruth of his own allegations in so far as they have

been controverted." Doing this we find Mary M. Davidek, the plaintiff, asking judgment against the defendants in a petition the substance of which merely alleges that a person named Ellen Goldacker was the fee simple owner of the questioned property at the time of her death; that a petition of one Elizabeth Goldacker asking probate of the Ellen Goldacker estate stated another person named Lillian Brunstrom was an heir at law of Ellen Goldacker; that Elizabeth Goldacker assumed to make two contracts, first for renting and later for sale of the property of which Ellen Goldacker was possessed at the time of her death, and insufficiently suggests a possible breach of those contracts. When thus analyzed for the purposes of the motion the complete inadequacy of the amended petition is so apparent as to need no further comment. The lower court was correct in failing to give plaintiff judgment upon the pleadings before it.

## THE DEFENDANTS' MOTION.

The general rule is that a defendant's motion challenges the sufficiency of the petition. 71 C.J.S. 863. Here we must consider as true all of the allegations of plaintiff's amended petition. Thus it appears plaintiff Mary M. Davidek is the owner and entitled to the possession of the disputed property. This in itself is sufficient to warrant denial of the defendants' motion. Perhaps, however, it should also be mentioned that the amended petition also shows Elizabeth Goldacker and Lillian Brunstrom were sole heirs of Ellen Goldacker and that plaintiff was sole heir of both Elizabeth and Lillian. Therefore, it might be that although a will of Ellen Goldacker was admitted to probate, such a will not being set forth in the pleadings or before us, and it not being shown there was any devise which passed title to the property to Elizabeth Goldacker, to Lillian Brunstrom, to Mary M. Davidek, or to anyone else,

such a will might not necessarily have deprived any heir at law of Ellen Goldacker of the lots in question. Consequently, Elizabeth and Lillian may have been entitled to take under our statutes of descent and distribution. If this was the case, Elizabeth could not have bound Lillian's interest by contracts either to rent or to sell the property. So it seems the petition did state a cause of action, and the defendants' motion should have been denied.

It is also true that should it be shown the interest to which plaintiff might have been entitled as an heir of Elizabeth had been legally divested by Elizabeth, the extent of plaintiff's interest would be only that taken through her mother Lillian. Such facts are impossible to ascertain without evidence. Furthermore, we do not overlook the fact that upon a trial upon the merits of the issues raised by the defendants' denials, the evidence may establish that there is not only a last will of Ellen Goldacker but it may be proved the property was devised in such a manner that neither of Ellen's asserted heirs were entitled to the property or that one or the other of them may be solely entitled or that they may be entitled in some sort of joint or common tenancy or otherwise. The question of whether the will was properly admitted to probate and the nature of its provisions, if any, concerning this property remains to be determined and this is also true with respect to other issues of fact raised by the plaintiff's amended petition and the defendants' answer. The plaintiff's motion for judgment on the pleadings and the defendants' motion for judgment submitted without the introduction of any evidence raised only questions of law and afforded no opportunity to the court to make determination of the questions of fact presented by the pleadings and necessary for a proper disposal of this case. See 71 C.J.S. 864.

The judgment will be reversed with direction to overrule the defendants' motion for judgment as well as the plaintiff's motion for judgment on the pleadings and the cause is remanded for trial upon the issues joined upon the plaintiff's amended petition and the defendants' answer thereto or such further proceedings in the trial court as are not inconsistent with this opinion.

*Reversed and remanded.*

BLUME, C. J., concurs.